NATHAN CORWITH

*v.*

CHARLES COLTER.

82  585|
70a 508|

1. NEW TRIAL—*when the evidence is conflicting.* Where the testimony is conflicting the finding of the jury will not be disturbed, unless it is made to appear that it is clearly against the weight of the evidence.

Opinion of the Court.

2. FAILURE OF CONSIDERATION—*what is*. Where a note is given in consideration of the sale and delivery of flour on the day of its date, if the flour is not delivered as agreed upon, this will constitute a failure of consideration.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. R. H. McCLELLAN, for the appellant.

Messrs. D. & T. J. SHEEAN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee executed the note upon which suit was brought in the court below, on the 6th day of November, 1857. It was for $675, due in ninety days, and payable to the order of S. Alderson. It was indorsed, without date, to appellant by the payee. It appears that the note was given for one hundred and fifty barrels of flour, which were to be shipped on board of the steamboat Galena, then at the wharf in the city of Galena. The flour was to be placed on board so as to be transported to St. Paul, for which place the boat was then destined. Only fifty barrels were so put on the boat, and some bran and feed seemed to have been afterwards put on the boat, for which appellee paid Alderson.

Appellee claims that he refused to take the flour for which the note was given unless it should be shipped by that boat and on that trip, and demanded the note, but Alderson refused to surrender it to him. Alderson testified that he shipped the flour on other boats, but appellee denies, positively, that he ever received any but the fifty barrels, and is supported by the evidence of his brother, who was his clerk at the time. Alderson is also supported by the evidence of his son-in-law, who says the flour was delivered on the wharf at Galena. This witness, at the time of the transaction, as appears from his evidence, was clerking at the mill ten or twelve miles in the country.

Appellee testified that he found a portion of the flour he purchased on board another boat, with the marks he directed

to be placed on the flour scratched out and marked to another person, to whom Alderson had sold it; but Alderson positively denies that it was so changed or sold, and his clerks swore they knew of no such change or sale.

Alderson testified that he sold appellee two hundred barrels of flour, one hundred and fifty for which the note was given, and fifty for which cash was paid; and in this he is, to some extent, corroborated by his son-in-law and Newsom, his clerk, but the latter says he did not hear the contract made, and Kyle does not say he was in Galena, or heard the agreement, or even that he was not at the mill, ten miles distant. This is positively and unequivocally denied by appellee.

Again, appellee swears, that on the 9th of November, 1857, he went to appellant's bank, where the note, by its terms, was payable, and notified N. Corwith, the president of the bank, that the note was given for one hundred and fifty barrels of flour, and that Alderson had sold it to another person, and notified him not to buy it; that James Miller and James Scott went with him to witness the fact that he gave the notice, and that they had both died before the suit was brought. This is denied by N. Corwith, and he also denies all knowledge of any defect in the note, or of any defense thereto, or of any want or failure of consideration, before or at the time he took the note.

Appellee testified that he gave notice, in a newspaper published in Galena; but N. Corwith, whilst he says he was a subscriber to the "Galena Gazette," denies ever having seen or heard of the notice.

Newsom, appellant's witness, corroborates appellee in his statement that he was in Galena the next spring looking for Alderson, but did not find him. He also says, he thinks something was said about the marks on the flour being changed.

On this evidence, under the plea of an entire failure of consideration, the jury found for defendant, and plaintiff has appealed to this court and asks a reversal.

There are no exceptions taken to the instructions given by the court, but it is earnestly urged that the verdict is contrary

to the evidence. There is an irreconcilable conflict in the material portions of the evidence, and it was for the jury to determine the preponderance, and we can not interfere. In cases of such conflict, what, on paper, may appear to be slight circumstances, when seen and heard, may, and frequently do, have a controling influence in determining the weight to be given to the evidence. Many things in a trial in the court below can never be brought to this court, and they frequently properly control the finding of a jury. They have the witnesses before them, and their manner of testifying can not be transferred to paper, and hence all aids to the jury, derived from that source, can not be considered by the appellate court. The rule, therefore, has always prevailed in this court, that the finding of the jury will not be disturbed, unless we can see that the finding is clearly against the evidence. In this case it is manifest, that had appellee's evidence alone been before the jury, they could not have done otherwise than find for him. But being contradicted by appellant's evidence, it was the province of the jury to weigh all of the evidence in the case, determine its weight, and find accordingly. After its careful examination we are unable to say they erred in finding as they did.

It is said, in argument, that the facts set out in the plea do not show a failure of consideration. We presume this ground is not earnestly relied on, or a demurrer would have been interposed, instead of joining issue on the plea. Again, the plea is not set out in the abstract, and we, therefore, suppose the point was not, at that time, relied upon for a reversal. We have, however, turned to the record and examined the plea. We are referred to the cases of *Willets* v. *Burgess*, 34 Ill. 494, and *Gage* v. *Lewis*, 68 Ill. 604, to establish the proposition. In the former of these cases, it appears that the consideration of the note was a deed of conveyance and covenants for title, and not the performance of an act, or the delivery of property. In the latter case, the defense was interposed to a penal bond, and the plea averred that the obligee had made representations and promises to him as the consideration upon

which he executed the bond, and which the obligee failed to perform. In the one case, the party held the covenants, and in the other the promises upon which, in case of a breach, suit might he brought. But in this case the averment is, that the consideration of the note was the sale and delivery of the flour on the day the note was given, and that the flour was not delivered. In this there is a palpable distinction. We, therefore, see no force in this objection.

Perceiving no error in this record, the judgment of the court below must be affirmed.

*Judgment affirmed.*