ERNEST RADEKE

v.

GEORGE H. COOK.

</div>

*Practice—Question for Jury—Objections, not Raised Below—Newly Discovered Evidence.*

1.   Where the question involved is one of fact, this court will not interfere with the verdict of the jury unless it is clearly against the weight of evidence.

2.   An assignment of error based on newly discovered evidence does not lie when it was not specified in the motion for a new trial.

3.   An objection, raised here for the first time, to the filing of counter affidavits on a motion for a new trial, can not be considered by this court.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. RICHARDSON BROS., for appellant.

Mr. JAMES N. ORR, for appellee.

WELCH, J. This was an action brought by the appellee against the appellant before a Justice of the Peace to recover a balance claimed to be due for painting, etc. The appellee recovered a judgment in the Justice's court and also in the Circuit Court. By the contract originally made, appellee was to paint the house of the appellant with two coats of plain painting outside and upstairs, and lower part, except bed-room grained or oiled, as appellant should wish. The price agreed upon for the work was $150, appellee to furnish all the material. Appellee claims that after he had commenced and painted the outside of the house one coat the appellant changed his building and put the up stairs hard pine finish, and changed the painting to hard oil finish and varnish; that this change required him to shellac all the doors and frames and rub them down and then put on two coats of hard oil finish and one coat of varnish; that the material cost more and required one-third more time, and that he was entitled to $15 extra, and for the other work not included in the original contract he claimed $9.50, making his claims the sum of $174.52, on which he admits he had received the sum of $111. The appellant claims to have paid prior to the suit the sum of $125.75 and the sum of $38.50 in a garnishee proceeding on a judgment in favor of Keerrosch and Stoge against the appellee. This sum was paid while this suit was pending, making the sum claimed to have been paid by the appellant to the appellee $160.20. The evidence was conflicting, but that for the appellee, if true, established a claim for $63.52 without deducting the sum of $38.50 paid by appellant as garnishee. The jury evidently relied on his testimony but deducted from his

Radeke v. Cook.

claim the amount appellant had paid as garnishee and gave their verdict for the exact balance, $25.02. There was no exception taken to the evidence. No instructions were asked or given. The question submitted to the jury was one of fact. When that is the case unless the verdict is clearly against the weight of the evidence, the verdict will not be disturbed. Johnson v. Smallwood, 88 Ill. 73; McClelland v. Mitchell, 82 Ill. 35; Corwith v. Colter, 82 Ill. 585. The verdict in this case is sustained by the evidence.

It is insisted by the counsel for the appellant that the court erred in overruling appellant's motion for a new trial on the ground of newly discovered evidence. Appellant did not assign in his written motion for a new trial newly discovered evidence as one of the reasons for it. Sec. 56 of Practice Act provides, "if either party may wish to except to the verdict or for other causes to move for a new trial, * * * he shall, before final judgment be entered or during the term it is entered, by himself or counsel file the points in writing particularly specifying the grounds of such motion." We hold that newly discovered evidence not having been specified in his written motion as one of the grounds for a new trial, that no error can now be assigned as to the action of the court based on newly discovered evidence. That question was not before the court in such way as to require the court to pass upon it. We can not presume that the court did pass upon it.

It is also insisted that the court erred in allowing counter affidavits to be filed to those filed by appellant based on the ground of newly discovered evidence. In view of what we have said as to the ground for a new trial based on newly discovered evidence, there was no error. The record shows no exception or objection to the filing of the counter affidavits. It does not appear that they were used on the motion for a new trial. If they were submitted on the motion it was by consent and without objection. Appellant can not now be allowed to complain. Finding no error the judgment is affirmed.

*Judgment affirmed.*