# Powers Regulator Company, Plaintiff in Error, v. George D. Hoffmann, Defendant in Error.

## Gen. No. 16,808.

1. NEGOTIABLE INSTRUMENTS—*when consideration of note fails*. If the payment of a note be a concurrent promise with an undertaking of the payee the failure of the payee to perform his promise relieves the maker of the note of the obligation to pay the same.

2. CONTRACTS—*when obligation of payment independent covenant; when not*. If a day be appointed for the payment of money, and the day is to happen before the thing which is to be done by the other party is to be performed, then an action may be brought for the money before performance, but when a day is appointed for the payment of money, and the day is to happen at or after the time the thing which is the consideration of the money is to be performed, then no action can be maintained for the money before performance, or offer of performance.

3. CONTRACTS—*effect of destruction of subject-matter*. Contracts whose performance depend upon the continued existence of a specific thing, are discharged by the destruction of the thing through no fault of either party.

Error to the Municipal Court of Chicago; the HON. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

CHARLES DANIELS and SUMNER C. PALMER, for plaintiff in error.

M. J. DUNNE, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Action was commenced by plaintiff in error, hereinafter called plaintiff, against the defendant in error, hereinafter called defendant, in the Municipal Court of Chicago, to recover a balance alleged to be due on a promissory note executed by the defendant to the plaintiff. The defense interposed was a failure or

want of consideration. The cause was tried before the court without a jury. The court found in favor of the defendant, and judgment was entered upon the finding.

The note sued on was given by the defendant to the plaintiff in settlement of an alleged claim for making certain patterns for an oil burner. The defendant alleged that the claim of the plaintiff to be paid for these patterns was not a valid and just one, because, as he testified, the patterns were to be made on a joint account; that is, the parties were to share in the profits arising from the device for which the patterns were made, and that the defendant was not to be required to pay for them otherwise.

The testimony shows that the work of making the oil burners was abandoned on account of the physical disability of the defendant. Plaintiff, however, demanded pay for the patterns; the defendant refused to pay on the ground that he was not liable. Finally, the parties adjusted the matter by defendant giving his note for the amount claimed on the agreement that he was to receive the patterns from the plaintiff when he paid the note. Defendant made several payments on the note, but when he wrote a letter to plaintiff, dated October 29, 1909, in which he said, "If this is acceptable to you I presume you are in a position to deliver the patterns for which the original note was given. Kindly advise me on this point in your reply to above proposition," plaintiff replied under date of October 30, 1909, "Whether we can locate these patterns or not, we have not the remotest idea at the present writing—probably not, as we had a fire in our factory some years ago that was equivelant to a house cleaning."

On cross-examination, F. W. Powers, secretary of the plaintiff, testified that he did not know what became of the patterns,—"They may have been in our

factory at the time of the fire.'' He also testified that he was not certain that there was nothing said about the patterns at the time the note was delivered.

There was a dispute on the trial as to whether defendant was to pay for the patterns at all. He says he was not, but that the parties were to share in any profit made out of the burner. As to what the agreement was, the testimony of W. P. Powers is not very satisfactory, as a denial of the defendant's testimony. It was agreed on the trial that W. P. Powers, if present, would testify that sometime prior to the date of the note sued on, the defendant had desk room in the offices of the Powers Regulator Company, and that, at that time, the defendant came to him and told him he had an oil burner with which he was experimenting but had no money to make it, and that he, Powers, said, ''Take the parts of your burner to our foreman and we will make your patterns and charge you just what this will cost.'' It was also agreed that W. P. Powers would deny that he said, ''Take this burner to our foreman, Bowman, and if he thinks it is a good thing, we will take it up and manufacture patterns and burner and share the profits equally.''

Considering the testimony of W. P. Powers, it cannot be satisfactory as a denial of the defendant's contention. The question arises on the plaintiff's theory of the case,—why should the plaintiff do the work for cost if they had no interest in its success? And it may be argued that if they were to have a joint interest in the profits, was it not most reasonable to believe that they agreed to bear the cost of the patterns as their contribution to the enterprise? Was not this more probable because of the statement of Powers that Hoffman came to him and told him he had an oil burner with which he was experimenting, but had no money to make it? Then again, it may be argued that it

is unreasonable to believe that Hoffman went to Powers and wanted him to do some work, and said that he had no money to pay for it, and that Powers would then and there agree to do the work even for cost. Upon a consideration of the whole case, we are of the opinion that the court was justified in finding that the defendant, Hoffman's statement of the arrangement, under which the patterns were made, was the more reasonable and correct.

At the trial, the attorney for the defendant tendered the full amount of the note, interest and costs, and demanded delivery of the patterns.

The question is thus presented whether upon the evidence and under the circumstances, the plaintiff was entitled to recover, or whether the finding and judgment of the court was correct.

If, as we think, the evidence shows the fact to be the note and the agreement in regard to the delivery of the patterns constituted mutual promises, the full performance of both would be concurrent acts, and if either one of the parties was unable to perform the act incumbent upon him, or it, that absolved the other party from the performance of the other act. So that, when the plaintiff confessed that the patterns were destroyed, the obligation of the defendant to pay the balance due on the note ceased. Bishop on Contracts, page 156, Sec. 401; Ibid, page 581, Sec. 1433; Ibid, page 319, Secs. 826 and 827.

We think it is laid down by law writers, and in the decisions, that if a day be appointed for payment of money, and the day is to happen before the thing which is to be done by the other party is to be performed, then an action may be brought for the money before performance. But, when a day is appointed for the payment of money, and the day is to happen at or after the time the thing which is the consideration of the money, is to be performed, then no action

can be maintained for the money before performance, or offer of performance.

In this case, the note was to be paid and the patterns were to be delivered at the same identical time, and if either party was unable to perform, he, or it, lost the right to require performance by the other party.

Whether the promises in this case were concurrent conditions or conditions precedent the party seeking to enforce the promise (as the plaintiff in this case), cannot maintain his action unless he has performed or was ready, able and willing to perform his part. 3 Am. and Eng. Ency. of Law, 911, note 1, 1st Ed.

Contracts whose performance depends upon the continued existence of a specific thing, are discharged by the destruction of the thing through no fault of either party. 3 Am. and Eng. Ency. of Law, 901, note 2.

If the contract was that the patterns for the burner were to be made by plaintiff and paid for at cost by the defendant, then the plaintiff must be ready and able to deliver to the defendant before he could be compelled to pay for them; and the fact that the defendant gave a note and paid part on it did not change his position as to the right to demand the patterns before making full payment. When the plaintiff, therefore, was unable for any cause to deliver the patterns, then the defendant was discharged from the liability on his note in like manner as if his promise to pay was a verbal one.

If on the other hand the defendant was not to pay for making those patterns, but that the plaintiff was to be compensated out of any profits, as contended by the defendant, and then defendant gave his note on an agreement that plaintiff was to deliver them to defendant, if the patterns were destroyed while in plaintiff's possession so that it was unable to deliver them on final payment, then the defendant was dis-

charged from his liability,—the payment and delivery being simultaneous and concurrent acts.

Parol testimony is admissible to show what was the real consideration for a note; and the fact that the contract was reduced to a promissory note, does not prevent its being inquired into to see what the exact rights of the parties are in the matter. Under the law of 1907, in regard to negotiable instruments as well as under prior statutes, want of consideration is a defense to a suit on a note. If the defendant had not given his note, and plaintiff had brought suit on the alleged indebtedness on the theory that the defendant was to pay the cost of making the patterns, and it was shown that the plaintiff had not delivered the patterns to the defendant and that the patterns had been destroyed while in the possession of the plaintiff, this would certainly have discharged the defendant of any liability. Putting the alleged debt in the form of a note with the agreement to deliver on payment does not enlarge the rights of the plaintiff nor change the liability of the defendant,—in so far at least as the question of failure or want of consideration is concerned. Whichever theory therefore may be considered as proved by the evidence, that advanced by the plaintiff or that by the defendant, in either case the plaintiff could only recover against the defendant by showing a delivery to him of the patterns contracted to be made. As the plaintiff was unable to make delivery it cannot recover.

Although the testimony relating to the questions by the record was admitted without objection there is contradiction and conflict in the testimony, but upon examination and analysis of the testimony, we think the court below was correct in holding that the preponderance of the evidence was with the defendant, and in finding the issues for the defendant. The judgment of the Municipal Court of Chicago is affirmed.

*Judgment affirmed.*