Liberty State Bank of Bloomington, Appellee, v. H. W. B. Aulgar, Appellant.

Gen. No. 7,584.

1. NEGOTIABLE INSTRUMENTS—*sufficiency of plea of failure of consideration.* Special pleas in an action on a promissory note by the transferee thereof against the maker, alleging that the note was made and given by the maker to the payee for a subscription to the capital stock of a corporation which the payee proposed to organize and, in consideration of the organization of such corporation, that consideration had failed because the payee never organized the corporation or took any steps to do so and the maker never received any stock therein, and that plaintiff took the note with knowledge of such facts, are legally sufficient and present a complete defense.

2. NEGOTIABLE INSTRUMENTS—*insufficiency of plea of fraud in inception of note.* No issue of fraud in the inception of the promissory note in suit is raised by a special plea by the maker alleging that the payee procured the note by fraud and circumvention and

induced defendant to sign it by false and fraudulent representations that he would organize a certain corporation, where it is not alleged what the representations were, wherein they were false or fraudulent or that defendant relied on them as true and was thereby induced to sign the note.

3. NEGOTIABLE INSTRUMENTS—*sufficiency of plea to invoke Securities Act as defense in suit on note.* A special plea by the maker of the promissory note in suit that he was induced to execute it in consideration of the sale to him of shares of the capital stock of a corporation thereafter to be organized by the payee and that the sale or agreement to sell him the stock in question was in violation of the Securities Law, Cahill's Ill. St. ch. 32, ¶ 254 *et seq.*, is insufficient, as against demurrer, to invoke such violation as a defense to suit on the note by a transferee thereof, where there is no allegation showing wherein the sale or agreement to sell was in violation of the Securities Act.

Appeal by defendant from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the April term, 1923. Reversed and remanded with directions. Opinion filed October 26, 1923.

LIVINGSTON & WHITMORE, for appellant.

LOREN B. LEWIS and COSTIGAN & WOLLRAB, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case a judgment by confession was entered in the circuit court of McLean county in the sum of $1,147 in favor of the appellee, Liberty State Bank of Bloomington, Illinois, as legal holder of the judgment note in question. The note was for the principal sum of $1,000 and the usual warrant of attorney was attached to the note to authorize the confession of a judgment, for the amount of the principal of the note, accrued interest and the attorney's fee provided for in the warrant of attorney. Afterwards, upon motion of the maker of the note, the appellant, H. W. B. Aulgar, the judgment was opened up by the court, with leave to the appellant to plead in defense. The appel-

lant pleaded the general issue and five special pleas. A demurrer was filed and sustained by the court to all the special pleas. The appellant finally withdrew the plea of the general issue and stood by his special pleas, whereupon the court again entered judgment. The appellant thereupon appealed, and the question to be determined upon appeal concerns the merits of the special pleas, to which a demurrer was sustained.

The defense set up in the first special plea and in the first additional plea and in the second additional plea is failure of consideration. The first special plea alleges that the note in question was made and given to the payee, W. A. Lachenmyer, pursuant to an agreement between the maker and the payee, that the payee would organize a corporation to buy coal lands and thereupon deliver to the appellant ten shares of the capital stock of the corporation; and that the organization of the corporation and the delivery of the stock in the same to the appellant was the consideration for the issuance of the note to the payee, Lachenmyer; and that the consideration of the note had failed because Lachenmyer had never organized such a corporation and the appellant had never received the ten shares of stock in the same. The plea also alleges that the appellee had knowledge of all the foregoing facts prior to its purchase of the note in question. The additional plea alleges the same failure of consideration; that the note had been given for a subscription to the capital stock of ten shares of a corporation to be formed by Lachenmyer, the payee of the note, and that Lachenmyer, in consideration of the giving of the note, had agreed to organize the corporation and to issue to the appellant ten shares of the capital stock thereof, when organized, but that Lachenmyer had failed to organize such a corporation, and had failed to take any steps to organize such a corporation, and that no shares of stock were ever issued to the appellant. The plea also avers that the appellee, prior to the purchase of the note in question, had

full knowledge of the facts stated. In the second additional plea it is averred that the note in question was given by the appellant to Lachenmyer under a certain agreement between Lachenmyer and the appellant, and other persons, that Lachenmyer would form a corporation for the purpose of buying coal lands, and that he executed and delivered the note in question to Lachenmyer as promotor of such corporation and in payment of ten shares of the capital stock thereof, but that Lachenmyer had failed to take any steps to organize such a corporation and that it was never organized, and that no shares of stock were ever issued to appellant, as contemplated by the agreement. This plea also avers that the appellee had full knowledge of the facts alleged at and prior to the time of the purchase of the note in question.

The averments in the pleas referred to, which for the purposes of determining the question of the legal propriety of sustaining the demurrer thereto must be taken as true, are substantially to the effect that the note was made and given to the payee under an agreement with him that he would form a corporation to buy coal land, and thereupon issue to the appellant ten shares of the capital stock thereof; that the issuance of such stock to him was the consideration for the note, and that this consideration had failed because the payee of the note had never organized the corporation and never took any steps to do so, and that the appellant had never received the ten shares of stock contemplated by the agreement, and that the appellee had knowledge of the facts stated. We are of opinion the averments in the pleas are legally sufficient and presented a complete defense to a recovery on the note. *Bryant v. Sears,* 16 Ill. 287; *Ehrler v. Worthen,* 47 Ill. App. 550; *Weber v. Rosenheim,* 37 Ill. App. 72; *Heldman v. Gunnell,* 201 Ill. App. 172; *Corwith v. Colter,* 82 Ill. 585; *Powers Regulator Co. v. Hoffmann,* 169 Ill. App. 657; *Todd v. State Bank of*

*Edgewood,* 182 Iowa 276, 165 N. W. 593, 3 A. L. R. 971.

Concerning the other two special pleas, it may be said that the third additional plea avers that Lachenmyer, the payee, procured the note in question from the appellant by fraud and circumvention, and that he induced the appellant to execute the note under the false and fraudulent representations that he would organize a corporation. It is not stated in the plea what the representations were, nor in what respect they were false or fraudulent, nor that he relied on the representations as true and was thereby induced to sign the note. This plea was legally insufficient to present an issue on the question of fraud and false representations. In the fourth additional plea it is averred that the sale or agreement to sell the shares of corporate stock of the corporation to be organized by Lachenmyer were in violation of the ''Securities Law'' of the State of Illinois, namely, ''An Act of the Legislature relating to the sale or to the disposition of securities and providing for the violation thereof and to repeal Acts in conflict therewith,'' approved and in force June 10, 1919 [Cahill's Ill. St. ch. 32, ¶ 254 *et seq.*], but no facts are stated in the plea which show wherein the sale or agreement to sell referred to was a violation of the Securities Act. The plea was therefore insufficient. The demurrer was properly sustained to the two special pleas last referred to. But for the reasons stated, the judgment is reversed and the cause remanded with directions to overrule the demurrer to the first special plea, the additional plea and the second additional plea.

*Reversed and remanded with directions.*