Pearson, J.
 

 The plaintiff, beyond question, may .waive tire tort committed by the defendant, and maintain an action
 
 *161
 
 for money had and received. But in that action the declaration would be in the
 
 debet
 
 and detinet, upon a promise of the defendant personally; whereas, in this action, the declaration is in the
 
 detinet
 
 only, upon the promise of the defendant in his representative capacity as 'executor, to which he may plead “fully administered,” and upon which the judgment would be
 
 de bonis testatoris. We
 
 concur with his Honor. The evidence does not support the allegation. There is a fatal variance between the
 
 allegata wail probata.
 

 No authority is found to support the position that an action c&n be maintained against
 
 &■
 
 defendant, as executor, for money had and received by hirh, after the death of the testator. It would do violence to all principle. It is the duty of an executor to pay off the
 
 debts of his testator
 
 in a prescribed order. It is not possible to conceive how a debt of the testator can be created by matter occurring wholly in the executor’s time. If an executor make an express contract in reference to the property of the estate, — as if he employs one to cry the sale of the property as auctioneer, — this is not a debt .of the testator. It is true, when a testator has entered into a contract, and the breach does not take place until after his death, i. e., a covenant of quiet enjoyment, or where a surety is compelled to pay money after the death of the principal in a suit against the executor, these may be considered debts of the testator, because they had their origin or inception in his life-time. But, in our case, the testatrix set up no claim to the tobacco, and did not interfere with it in any way. So, the act of the defendant in selling it and receiving the money, cannot make it a debt of his testatrix.
 

 Mr.
 
 Miller, for the defendant, insisted that, supposing this to bo so, the objection could not be taken at the trial, and could only be made upon demurrer, or motion in arrest of judgment for a misjoinder.
 

 The three counts in the declaration are all against the defendant, as executor; so, there is nothing wrong upon the face of the proceeding. If the third count had been against the defendant personally, the misjoinder being apparent on
 
 *162
 
 tbe record, could only be taken advantage of by demurrer, or motion in arrest; for, upon tbe trial, tbe proof would have supported the allegation. But tbe third count-is, like tbe other two, against the defendant, as executor. So, all is right upon tbe face of the declaration, and the variance between the allegation and proof only appears at the trial, in which case the proper course is to nonsuit the plaintiif, or, if he will not submit to it, to direct a verdict to be entered against him on the general issue, because the proof does not entitle him to recover.
 

 Mr. Miller then insisted upon tbe authorities of
 
 Ashby
 
 v. Ashby, 7 Barn. and Cress. 444, (14 E. C. L. R. 77,) that, although the third count is against the defendant, as executor, yet, being for money had and received by the defendant, it is bad on its face ; because it is impossible that he could have received it as executor, so as to make it a debt of the testator, and objection may be taken on demurrer; and his position is, that as this was a good ground for demurrer, it follows that advantage cannot be taken of it at the trial.
 

 The case cited supports the position that this defect was a good ground of demurrer; so, his premise is true, but his conclusion is a
 
 non sequitm.
 
 If the defendant does not demur for a defect of the kind of which we are speaking, and at the trial the plaintiif proves his allegation, he will be entitled to a verdict, and the defendant will be put to amotion in arrest. But if, at the trial, the plaintiif fails in his proof, there can be no reason why he should not be nonsuited, or have a verdict against him. By way of .illustration — a declaration has a count in debt, and also one in trover; the defendant pleads the general issue; if the plaintiff proves - his allegation he will be entitled to a verdict, but if he fails in his proof, of course there will be a verdict against him. So, in our case, if the defendant had supported his allegation by proof, he would have been entitled to a verdict, but as he failed in his proof, the verdict was properly against him. The fact that it was perfectly impossible for the jolaintiff to prove his allegation, (which is the .ground upon which it is held, in
 
 Ashby
 
 v.
 
 *163
 

 Ashby,
 
 that tlie defendant may demur,) although the count is against him as executor, furnishes no reason, whatever, why the defendant should be obliged to demur, under the penalty of thereby entitling the plaintiff to a verdict without proof. It is very certain, upon the reason of the thing, that the defendant may take either course, and the plaintiff cannot, by alleging matter which it is impossible to prove, take from the defendant his right to plead by way of traverse, and force him to demur, and thereby admit the truth of matter which cannot be true. There is no error.
 

 Per CpriaM. Judgment affirmed.