C. C. KESSLER *v.* J. W. HALL.

A note given by an executor to an attorney for counsel in his office as executor, is payable by the maker personally, and not, *as executor.*

Parol evidence of an understanding that it was to be paid out of the testator's assets only, is not admissible.

(*Hailey* v. *Wheeler,* 4 Jon. 159, *McKay* v. *Royal,* 7 Ib. 426, *Beaty* v. *Gingles,* 8 Ib. 302, cited and approved.)

DEBT, tried before *Cloud, J.,* at Fall Term 1869, ROWAN court.

The note upon which the action was brought was as follows:

" Six months after date, with interest from date, we promise to pay James E. Kerr or order, twelve hundred and fifty dollars, for value received, witness our hands and seals, Nov. 27 1860."

This was signed and sealed by the defendant; and the plaintiff was endorsee and purchaser for value.

The defendant offered to prove that the note was given for professional services rendered to defendant as executor of Solomon Hall deceased, and was due from him as executor, and not in his individual capacity, and that the understanding was that said note was to be paid out of the assets of said estate.

This evidence was rejected by the court. Verdict and judgment for the plaintiff: Appeal by the defendant.

*B. Craige* and *R. A. Caldwell* for the appellant.

*Blackmer & McCorkle, contra.*

SETTLE, J. The defence attempted to be set up, discloses the fact that the bond upon which this action is brought, was executed by the defendant to an attorney for advice and assistance in managing the estate of defendant's testator. Of course then, it is the individual debt of the defendant, and the action is properly brought; had it been brought against him as executor, it could not have been maintained.

It is said in *Hailey* v. *Wheeler*, 4 Jon. 159, "it is not possible to conceive how a debt of the testator can be created by matter occurring wholly in the executor's time. If an executor makes an express contract in reference to the property of the estate, as if he employ one to cry the sale of the property, as auctioneer, this is not a debt of the testator." The same point is ruled in *McKay & Devane* v. *Royal and wife*, 7 Jon. 426, which, like this, was an action to recover for the professional services of the plaintiffs, who, as attorneys, had advised and counselled the executrix.

In a still later case, *Beaty* v. *Gingles, et al. Ex'rs*, 8 Jon.

302, the cases just cited are quoted with approbation, and they fully establish the doctrine that the defendant is personally liable on a contract like the one before us. The evidence offered by the defendant was properly rejected by his Honor. It is a general rule that parol evidence is inadmissible to contradict or vary the terms of a written contract; and while the ordinance of Oct. 18th 1865, and the acts of 1866, ch. 38 and 39 have changed this rule of evidence in certain cases, they have no application to the case before us.


PER CURIAM.                    Judgment affirmed.