E. PAYSON HALL and WIFE AMANDA *v.* BURTON CRAIGE
and JOSEPH W. HALL.

Under the C. C. P., Sections 244 and 245, a compulsory reference cannot be ordered by the Court in a suit on a judgment confessed by the defendants as executors before the late civil war, where the only matters of defence are payments made by them in confederate currency during the war, and alleged counter claims for notes due from the plaintiffs to them as executors. Such a case does not require "the examination of a long account on either side," nor is the "taking of an account necessary for the information of the Court."

Payments made on a debt contracted before the late civil war, in confedderate currency during the war, are to be taken according to their face values. Having been accepted by the creditor, they amount to a discharge to the extent of their nominal value, notwithstanding the fact that they were made in depreciated currency.

A judgment confessed by executors will bind them in their individual capacity, though they style themselves as executors in making such confession.

The cases of *Brown* v. *Foust*, 64 N. C. Rep. 672, *Kessler* v. *Hall*, Ibid 60, and *Hailey* v. *Wheeler*, 4 Jones 159, cited and approved.

This was a civil action upon a judgment confessed by the defendants as executors of one Solomon Hall upon the compromise of a suit in which the will of the testator was caveated by the plaintiffs. By the terms of the compromise the will was admitted to probate, and upon the confession of the judgment, it was agreed that the amount of it ($13,000) should not bear interest for twelve months, and that execution should be stayed for two years. The judgment was confessed before the commencement of the late civil war, to-wit, in June, 1860, and the pleadings showed several payments during the year 1862, and alleged counter claims about the same period. When the case was called for trial at the Fall Term, 1870, of ROWAN Superior Court before his Honor *Judge Henry*, the defendants' counsel moved the Court for an order of reference, suggesting that a large number of payments had been made on the judgment, and

that much time could be saved by an ascertainment of said payments, and also a number of counter claims, the value of which was to be ascertained, and also an account of the execution by the defendants of the provisions of the will of the testator. The motion was resisted by the counsel for the plaintiffs upon the ground that they did not seek to charge the defendants *en autre davit*, as executors, but personally. His Honor granted the motion and appointed John T. Henderson, Esq., as referee. The plaintiffs' counsel thereupon moved to strike out of the answer those parts of it, which purported to set up a defence for the defendants as executors, as being irrelevant and impertinent. His Honor declined to grant the motion, saying that it might be renewed when the report of the referee was filed. The plaintiffs appealed from the order granting the motion of the defendants, as well as from that which refused their own.

*Boyden & Bailey* for the plaintiffs.
*Blackmer & McCorkle* for the defendants.

SETTLE, J.   There was error in the ruling of his Honor, appointing a referee.   The Code of Civil Procedure, sec. 244, provides that " all or any of the issues in the action, whether of fact or law, or both, may be referred, upon the written consent of the parties ;" but a compulsory reference can only be ordered in the cases specified in section 245 of the Code.

The case states that the motion of the defendants for a reference was resisted by the plaintiffs.   We are of opinion that this case does not require "the examination of a long account on either side," nor that " the taking of an account is necessary for the information of the Court."

The allegation that a large number of payments have been made on the judgment, which is the subject of this action, is not sufficient to justify a reference.

No question can arise as to the value of the several pay-

ments, for according to the decisions of this Court, they are to be taken at their face values. They have been accepted by the plaintiffs, and amount to a discharge, to the extent of their nominal values, notwithstanding the fact that they may have been made in depreciated currency. *Brown* v. *Foust,* 64 N. C. 672. *Boyden* v. *Bank of Cape Fear,* at this Term.

Nor does the further allegations, that the defendants have in their hands counter claims against E. Payson Hall, in promissory notes, to them as executors, justify the order of reference. Whether these notes be counter claims or not, is a question of law for the Court, and if they are, and be subject to scale, that matter is regulated by Statute, and the law can be readily administered by the Court.

Therefore this case involves only a simple matter of computation of figures, and has none of the elements of a long account, with charges and discharges, such as is contemplated by the Code, when providing for compulsory references.

His Honor might well have stricken out all those parts of the answer, which insist that the defendants cannot be charged *de bonis propriis,* but only *de bonis testatoris;* for the whole case shows that the judgment upon which this action is brought, was the result of a compromise, by which the will of Solomon Hall was admitted to probate, the defendants confessing the judgment to the plaintiffs, in consideration of the fact that they withdrew their opposition to the establishment of said will. Of course then the judgment does not rest upon anything occurring in the life time of the testator, but it is a debt created by matter occurring wholly in the executor's time. *Kesler* v. *Hall,* 64 N. C. 60. " It is not possible to conceive how a debt of the testator can be created by matter occurring wholly in the executor's time." *Hailey* v. *Wheeler,* 4 Jones 159.

Let it be certified that there was error, to the end that the Superior Court may proceed according to law.