E. PAYSON HALL and wife, AMANDA, *v.* BURTON CRAIGE and J. W. HALL.

The addition of the word "executors," in a judgment confessed by a defendant, is mere surplusage, and does not prevent his being charged, *de bonis propriis,* with the amount.

(*Kesler* v. *Hall,* 64 N. C. Rep. 60; *Hailey* v. *Wheeler,* 4 Jones, 159, cited and approved. See also this same case, 65 N. C. Rep. 51.)

CIVIL ACTION, tried before *Cloud, J.,* at ROWAN Superior Court, Fall Term, 1872.

The complaint was against the defendants as individuals, and alleged that at June Term 1860, of the Superior Court of Law for Iredell county, the defendants, as executors of one Solomon Hall, confessed a judgment in favor of the *feme* plaintiff, then Amanda Neely for $13,000, and offered in evidence the transcript of the record of said judgment. To the introduction of the transcript, the defendants objected. His Honor overruled the objection and the transcript was read.

The defendants then offered to show the circumstance under which the judgment was confessed, and that it was done voluntarily and without any consideration, which being objected to by the plaintiffs was excluded by the Court. They then proposed to prove that early in the war they proposed to pay off the plaintiffs, in · good notes due their testator, and that the plaintiffs declined to receive them, but told defendants if they would proceed to collect the notes

they would take the money. The defendants collected the notes in Confederate money, which they tendered to the plaintiffs, who refused to take it. This evidence being also objected to by plaintiffs, was excluded by the Court. The defendants offered to show that the money collected on the notes, and which the plaintiffs refused to receive, was kept by them separate from other moneys, and that they had the same now for the plaintiffs, and subject to their disposal. This evidence, upon objection by the plaintiff, was likewise excluded by the Court.

His Honor was asked by the defendants to charge the jury, that there was a variance between the allegations of the ptaintiffs' complaint, in which it was charged that the defendants as individuals owed the plaintiffs, and the evidence produced on the trial, to-wit: a judgment against them in *antre droit*, which instructions his Honor declined to give.

Verdict and judgment for plaintiffs. Appeal by defendants.

*Smith & Strong*, and *Blackmer & McCorkle* for appellants.
*Bailey*, contra.

SETTLE, J. This case was before us at January Term, 1871, and is reported in 65 N. C. Rep. 51.

Although it involved at that time only a question of practice under the Code of Civil Procedure, we took occasion, in order to save further litigation, to express an opinion upon the point which is now presented for decision.

We listened with attention to the suggestions of the able counsel, who argued the case for the defendants at this term, but we are unable to see any reason for changing our opinion.

All of the points made by the defendants in the record before us are based upon the assumption, that they are lia-

ble only *de bonis testatoris;* but as that foundation must fall, all of the superstructure must fall with it; the principal and incidents go together.

The fact that the defendants are styled "executors," &c., in the judgment in the Superior Court of Iredell county, can avail them nothing. A train of decision fixes their liability *de bonis propriis,* and the addition of the word "executors," in said judgment is mere surplusage.

The defendants' counsel attacked the form of the judgment in this case, because it does not distinguish the principal from the sum allowed as interest as directed by the Revised Code, chap. 31, sec. 90.

To this it was replied by Mr. Bailey that it appeared from the record that there had been several payments, which had discharged all of the interest due, and also a portion of the principal, leaving only principal money due, and therefore the judgment was properly rendered.

At all events it is evident that the point was not intended to be presented by the record. *Kesler* v. *Hall,* 64 N. C. Rep. 60; *Hailey* v. *Wheeler* 4 Jones 159.

The judgment of the Superior Court is affirmed.

This will be certified.

PER CURIAM.                    Judgment affirmed.