MOREHEAD BANKING COMPANY v. MRS. L. L. MORE-
HEAD, et al.

(Decided May 24, 1898.)

(Plaintiff's Appeal.)

*Action on Note—Note by Executor—Personal Liability—
Trial—Instructions.*

1. Where, in the trial of an action on a note executed by an Executrix,
   there was no evidence of any agreement that she should be held
   liable in her representative capacity only, it was not error to in-
   struct the jury to answer in the negative an issue submitted to them
   as to whether a provision that she should not be personally liable
   was omitted by mistake.

2. The promissory note of an administrator or executor, as such, founded
   upon the consideration of forbearance or the possession of assets,
   will bind him in his individual capacity; hence,

3. Where an executrix, as such, executed a new note to a bank in con-
   sideration of its taking up and paying the old note, she is individ-
   ually liable thereon.

CIVIL ACTION tried at June, 1897, Special Term of
DURHAM Superior Court before *Timberlake, J.*, and a
jury. The facts appear in the opinion. Upon the ver-
dict rendered by the jury, His Honor rendered judg-
ment as follows:

"This cause coming on to be heard before E. W. Tim-
berlake, Judge Presiding, and a jury, and the jury hav-
ing answered the first issue "in her representative ca-
pacity only," and the second issue "no," it is considered,
ordered and adjudged that plaintiff take nothing by its
action against Mrs. L. L. Morehead personally, and that
she go without day.

"It is further considered, ordered and adjudged by
the Court, she as such executrix assenting thereto,
that plaintiff recover of Mrs. L. L. Morehead, execu-

trix of Eugene Morehead, but not personally, the sum of $5,000, with interest upon said sum at 8 per cent. per annum from September 19, 1893, till paid, and the costs of this action to be taxed by the Clerk."

Before the signing of the judgment the defendants, Duke and Green, (sureties on the note sued on), tendered the following to be signed as the judgment :

"In this action upon the issues submitted, the jury having found that the note was understood and intended to be made by the defendant, Mrs. L. L. Morehead, in her representative capacity, and that the provision that she should not be personally bound was not omitted by mistake ; it is now adjudged in accordance with the opinion of the Supreme Court filed in this action that the *feme* defendant is answerable in her individual capacity, and that the plaintiff, Morehead Banking Company, recover of Mrs. L. L. Morehead individually the sum of $5,000 with interest at 8 per cent. from September 19, 1893, and the costs of this action to be taxed by the Clerk."

From the judgment as rendered the plaintiff and the defendants, Duke and Green, appealed.   (For reports of former appeals in same case see 116 N. C. 410, and 121 N. C. 110.)

*Messrs. Boone & Bryant* and *Graham, Greene & Graham*, for plaintiff.

*Messrs. Manning & Foushee* for appellant Duke.

*Messrs. Burwell, Walker & Cansler* and *Winston & Fuller* for Morehead.

MONTGOMERY, J.: The facts of this case are few and simple and, when the findings of the jury are considered, the law as applicable seems to be settled by the decisions of this Court.   The undisputed facts are these:

On December 20, 1888, Eugene Morehead, who afterwards died in the earlier part of the year 1889, Lucius Green and B. L. Duke executed their promissory note payable to the order of themselves at the Commercial National Bank, New York, for six thousand dollars, due six months after its date, and the note was discounted by the bank upon its endorsement by the makers. After its maturity the note was sent to the plaintiff bank for collection, and on June 22, 1889, the defendant, Lucy L. Morehead, as executrix of her deceased husband, Eugene Morehead, paid to the plaintiff bank on the note one thousand dollars and the interest due, and executed her note, signed as executrix, together with B. L. Duke and Lucius Green, to the plaintiff bank in the sum of five thousand dollars, payable four months after date with interest at 8 per cent., the plaintiff bank paying off the original note of six thousand dollars owned by the Chemical Bank in $5,000 of its own money and the amount paid to the plaintiff bank by the executrix. The note executed to plaintiff bank was renewed from time to time until March 16, 1893, when the note upon which this action was brought was executed. It was in the following words and figures :

"$5,000.   Durham, N. C., March 16, 1893. — Six months after date we or either of us, L. L. Morehead, executrix of Eugene Morehead, B. L. Duke and Lucius Green, promise to pay to the order of the Morehead Banking Company five thousand dollars with interest at 8 per cent. per annum thereafter until paid, interest to be paid semi-annually in advance, negotiable and payable at Morehead Banking Company, Durham, N. C., for value received.   The parties agree to take no advantage of any agreement for indulgence after maturity.

(Signed) Lucy L. Morehead, executrix of Eugene Morehead, B. L. Duke, Lucius Green."

In her answer, Lucy L. Morehead admitted the execution of the note, but insisted that it was understood and intended by all parties to the note that her signature as executrix did not bind her personally, and that the note should only have effect as evidence of the indebtedness of her testator ; that she never received any benefit or consideration for the execution of the note, and that the note was executed through mistake or fraud, the ninth section of the answer averring "that it was not intended by her or the plaintiff that said note should bind her personally, and if it was so written it could not have that effect. It was made by mistake or fraud, and she asks that it may be rescinded or reformed." Under exceptions made by the plaintiff his Honor submitted two issues : 1. "Was the note intended and understood to be made by the defendant, Mrs. Morehead, personally or in her representative capacity only ? 2. Was the provision that she should not be personally bound omitted by mistake?" The jury answered the first issue, "In her representative capacity only," and the second issue, "No." The second issue ought not to have been submitted in the form in which it was, because, by its language, it assumed that there was in fact an agreement between the parties at the time of the execution of the note that the executrix should not be personally bound. But, notwithstanding the incorrect form in which the issue was submitted, his Honor committed no error in instructing the jury that they should answer that issue "No." The undisputed testimony went to show that there was not one word said at the time of the execution of the note as to whether or not

122—21

Mrs. Morehead assumed any personal, liability on the note.   She testified on the trial that she signed the note sued on just as she intended to sign it, and the cashier of the bank (Morgan) on that point testified as follows: "The note is written just as I had instructions to write it.   There was no agreement that Mrs. Morehead should not be held personally liable—there was nothing said about it."   So there was absolutely no evidence tending to prove that there was any agreement between the parties to the note at the time of its execution that Mrs. Morehead should not be personally liable, and that such agreement was omitted by mistake of both parties or by the fraud of the bank from being put in the bond, and there was no pretence that the bond did not state the whole of the transaction.   In this connection we deem it proper to notice the indirect charge of fraud made against Morgan, the cashier of the bank, as to his conduct in this transaction.   There was not a particle of proof tending that way.   In fact the whole evidence goes to exclude any idea of fraud, and to show clearly that Morgan's part in the matter was frank, sincere, business-like, and that his feelings were friendly and kind to Mrs. Morehead.   Since the execution of the bond and about the time the suit was commenced, Morgan, the cashier, has given as his *legal* opinion that the note did not bind personally Mrs. Morehead, and that all matters connected with the transaction with her have been with her *as executrix*, and on the trial he testified that at the time the note was executed he did not think she was liable in law.

It is certain then that this is not a case in which only a part of the contract was reduced to writing and where parol evidence is invoked to prove the balance of the contract, for the language of Mrs. Morehead, "I also

signed the note sued on just as I intended to sign it," and Morgan testified that the note was written just as he had instructions to write it, and that there was nothing said about whether Mrs. Morehead should be held personally liable or not.

The only question for decision then is, "Does the signer of a note in his capacity of executor or administrator render himself personally liable to perform the obligation of the note? In *Hailey* v. *Wheeler*, 49 N. C., 159; *Devane* v. *Royal*, 52 N. C., 426 ; *Beatty* v. *Gingles*, 53 N. C., 302; *Kessler* v. *Hall*, 64 N. C., 60, and *Hall* v. *Craige*, 65 N. C., 51, it is decided by this Court that an executor or administrator cannot make liable the estate of his testator or intestate for a debt created by the executor or administrator arising wholly out of matters occurring after the death of the decedent. The expression, "it is not possible to conceive how a debt of the testator can be created by matter occurring wholly in the executor's time," taken from *Hailey* v. *Wheeler*, *supra*, has been often quoted with approval in later decisions. In each and all of the cases cited *supra*, the attempted contract of the personal representative was wholly an obligation created by the personal representative himself, and not an acknowledgement of a liability of a decedent, or a ratification of some act of his, or a reducing to a note or bond of an open account or of other liability of a decedent. The case before the Court is not identical with those cases, but we have later decisions which seem to be similar in all respects with the one here, that is, so far as the simple legal construction of a contract, like the one before us, is concerned.

In *McLean* v. *McLean*, 88 N. C., 394, the fact was that the defendant McLean as administrator executed the bond sued on, and the bond was given in consideration

of an open account due by the defendant's intestate to the plaintiff's intestate.   In that case the Court said "as a general pioposition of law an administrator cannot make any contract to bind the estate of his intestate.  If he gives his promissory note to pay a debt due by his intestate, it will be binding on him individually or not at all.   If the note is founded upon a sufficient consideration, as of assets applicable to the debt, or forbearance, he will be individually liable; but if there is no consideration, it will be *nudum pactum.*"   In that opinion it is further said,  "It is well settled by the almost unvarying current of authorities that the promissory note of an administrator or executor, founded upon the consideration of forbearance or the possession of assets, will be binding upon him in his individual capacity, although he should sign the note as executor or administrator."   In that case numerous authorities are cited in support of that position.

In our case there was constant forbearance on the part of the plaintiff, and there were assets in the hands of the executrix at the time of the execution of the note and at the time of the trial.

In *Kerchner* v. *McRae,* 80 N. C., 219, the facts were these: "The defendants, as executors of John McCallum, executed a sealed note to Charles McRae for the amount of an account due by their testator at the time of his death to Charles McRae.  A counter claim was set up by the defendants for less than the alleged debt in the complaint, and allowed; and for the balance against the defendants personally a judgment was refused by the Judge of the Superior Court.   On appeal, however, this Court decided that there was error and that "executors are responsible in their representative character on contracts originating in the testator's life-

time, but in causes of action wholly occurring after the testator's death the executors are liable individually."

In the case before us, when it was before the Court at February Term, 1895, (116 N. C. 410) the case was treated as one where the liability of Mrs. Morehead was one created by her and arising wholly out of matters occurring after the death of the testator. The debt due originally by Eugene Morehead, her testator, to the Chemical Bank was paid, and the executrix having borrowed from the plaintiff the money to the extent of five thousand dollars to pay it, and given her note for it *as executrix*, the transaction became thereby a new contract and obligation. The Court in the last mentioned case, under these circumstances, decided further that the rule is not modified by the fact that the note is given, as in this case, by an executrix for money which the creditor knows at the time is to be used in payment of the debts of the testator; but the law assumes that she consents to incur the risk of reimbursement out of the assets on her final settlement. This is unquestionably a liability governed by this general principle. The *feme* defendant is answerable in her individual capacity."

Under the decisions of this Court on this subject as a matter of law, the defendant, Lucy L. Morehead, is personally liable on the note, and upon the verdict his Honor should have given a judgment against her for the debt and the costs of the action. For this error the judgment is

Reversed.


APPEAL by the defendants, Duke and Green, in the same action:

MONTGOMERY, J.: For the reasons given in the plaintiff's appeal, the judgment tendered at June Special

Term, 1897, by these defendants ought to have been rendered by his Honor.   Judgment was entered against these defendants, and at the June Term, 1894, of Durham Superior Court, and of course that judgment is not intended to be disturbed by this decision.

                                                    Error.

CLARK, J., did not sit on the hearing of these appeals.