Mandel Brothers, Inc., Appellee, v. Daniel Cohen and Nathan Cohen, Appellants.

Gen. No. 32,199.

Opinion filed March 26, 1928.

PRITZKER & PRITZKER, for appellants; CLYDE C. FISHER, of counsel.

ALBERT S. LOUER, for appellee; ARTHUR ABRAHAM, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On February 5, 1927, plaintiff caused a judgment by confession for $7,238.45 to be entered in its favor

against the defendants on promissory notes made by the defendants. On February 28th defendants moved that the judgment be vacated and set aside. The motion was continued from time to time, and came on for hearing April 1, 1927, when an order was entered denying the motion. This appeal is prosecuted to reverse that order.

Daniel Cohen, one of the defendants, filed his affidavit in support of defendants' motion to vacate the judgment, and the question here for decision is the sufficiency of the affidavit. It set up that the defendants had a good and meritorious defense to the whole of the plaintiff's claim, which was that on August 16, 1926, written contracts were entered into between plaintiff and defendants, copies of which were attached to and made a part of the affidavit; that on the same date the notes upon which judgment was confessed were executed; that $3,400 was paid in cash by the defendants to the plaintiff in part payment for the work done by plaintiff for the defendants as specified in the contract; that by the contract plaintiff was to paint, decorate, etc., for the defendants, the building known as the New Green Mill Café; that the work was to be done in a good and workmanlike manner and completed not later than September 10, 1926. The affidavit further states that as a part of the consideration for the notes plaintiff was to hang two pictures in front of the room on either side of the stage, but that in hanging the pictures the plaintiff failed to protect the same with rods so that they endangered the life and limb of patrons entering the café; that the reasonable value of hanging the pictures as agreed in the contract is $200; that plaintiff was to drape the sides of the stairs leading to the stage, and that this was not done; that certain posts furnished by the plaintiff were broken and of no use whatsoever and injurious to the defendants' business on account of the broken condition of the posts; that under the terms of

the contract plaintiff was to drape all of the walls and ceiling of the premises and that same was not done; that it was also to furnish light shades on all posts, which was not done; that the carpet mentioned in the contract was to be "Axminster" carpet, and that samples were shown to the defendants at the time the order was given; that the carpet furnished was not Axminster but was of an inferior grade; that plaintiff was to furnish railings on the balcony and stairs which were to be bronzed and lacquered in an antique gold effect; that this was not done, but the railings were finished in ordinary paint; that plaintiff was to wash and retint the office but did not do so. As to each item the affidavit specifies the amount of the damage and the total of these items is $7,500.

Under the law an affidavit in support of a motion to vacate a judgment entered by confession must state facts which constitute a meritorious defense, and on such a motion the affidavit is to be construed strictly against the party presenting it. The motion is addressed to the sound legal discretion of the trial judge. In the instant case the record discloses that the defendant Daniel Cohen filed three affidavits on three different dates, the first on February 28, 1927, the second on March 11, 1927, which the record states was withdrawn on account of certain typographical errors made by the stenographer in transcribing her notes, and the third affidavit was filed on April 1, 1927, and is the one we have above discussed. The first affidavit did not specify the defendants' claimed damages. The second set up that defendants were damaged $300 by reason of plaintiff's failure to furnish the light shades and $300 for failure to furnish the Axminster carpet. In the third affidavit these amounts are laid at $3,000 each, and counsel for the defendants states this discrepancy is due to a typographical error, but a reading of the affidavit discloses that the amounts were written out in full as well as in figures. Moreover, the third

affidavit is uncertain, indefinite and defective. It states that under the contract plaintiff was required to hang two pictures. We have been unable to find such a provision in the contract which is attached as an exhibit to the affidavit. There is also an allegation that plaintiff was to drape the sides of the stairs, but we are likewise unable to find basis for this in the contract. There are other discrepancies between the affidavit and the contract.

Counsel for defendants also points out in his brief that the affidavit puts the cost of replacing the Axminster carpet at $3,000, while the price defendants were to pay for the carpet as shown by the contract was but $1,890.60. We think the affidavit was too uncertain and was contradictory of the contract in a number of respects. In view of this fact we think we would not be warranted in holding that the trial judge abused his legal discretion in failing to vacate and open up the judgment.

We do not agree with counsel for plaintiff when they say that had plaintiff made default under its contract, this would be no defense to a suit on the note. In support of this contention counsel cite the case of *Gage v. Lewis*, 68 Ill. 604, and other cases which refer to that case as authority. We think the *Gage* case is not in point. In that case it appeared that one member of a firm purchased the firm assets and gave a bond of indemnity to his copartner conditioned that he would pay all the firm debts due or to become due. The obligor did not pay all of the firm debts and suit was brought on the bond on account of such breach. In one of the pleas filed it was averred that the bond was given in consideration of the obligee retiring from a certain line of business in Chicago and that he would not thereafter compete with other persons in such business; that immediately upon execution of the bond the obligee breached his agreement and proceeded to form a new company and go into the same line of busi-

ness in Chicago. This plea was held bad for a number of reasons not necessary to be mentioned here. The court there said (p. 616):

"Treating the representations alleged in the plea as amounting to a contract between the plaintiff and the defendant, we fail to perceive a want or failure of consideration. * * * These representations and promises, then, were the consideration, and the misfortune with the defendant is, not that he did not have them, or that anything has since transpired whereby he is not permitted to resort to them, but merely that he has not received the benefit from them which he was authorized to expect."

In the instant case we are of the opinion that the consideration for the notes was the material to be furnished and the work to be done by the plaintiff, and if it appeared that the material was not furnished and the work not done as agreed, this might show a failure or partial failure of consideration and be interposed as a defense on the notes. *Liberty State Bank of Bloomington v. Aulgar*, 231 Ill. App. 498, and authorities there cited. But in any event we hold that we would not be warranted in saying that the trial judge abused his discretion in refusing to vacate the judgment on the ground that the affidavit filed was insufficient.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.