THE BANK OF SPRUCE PINE v. HALE VANCE, FLORENCE VANCE
AND IRA VANCE.

(Filed 12 July, 1933.)

1. **Bills and Notes C c—Estate held not liable on note signed by administrator purely for accommodation of makers.**

   Defendant, an administrator, endorsed a note in the name of the estate, thereunder writing his name as administrator. In an action on the note by the payee judgment was rendered against the makers, which judgment was not paid, and the payee sought to recover on the endorsement. The payee did not allege that the intestate was indebted to him at the time of his death or that his estate received any consideration for the note. Defendant alleged that he signed the note as an accommodation to the makers: *Held,* plaintiff was not entitled to judgment on the pleadings against the administrator in his representative capacity.

2. **Same—Party signing note in representative capacity under agreement that he should not be personally liable is not liable to payee.**

   Where an administrator signs a note in the name of the estate and thereunder writes his name as administrator, and at the time of the

execution of the note the parties agree that he should not be personally liable thereon, the payee may not hold the administrator personally liable thereon, C. S., 3001, and where in an action on the note the administrator alleges such agreement the plaintiff payee is not entitled to judgment on the pleadings against him personally.

APPEAL by the defendant, Ira Vance, from *McElroy, J.,* at November Term, 1932, of MITCHELL. Reversed.

This is an action on a note for $600.00. The note is fully set out in the complaint. It is payable to the order of the plaintiff, and was due prior to the commencement of this action.

The defendants, Hale Vance and Florence Vance, the makers of the note, did not file an answer to the complaint. For this reason, judgment by default final was rendered by the clerk of the court against these defendants for the amount of the note. This judgment has not been paid.

The note as set out in the complaint, is endorsed as follows:

"T. B. Vance estate, S. C. Vance, Ira Vance, administrators."

The defendant, Ira Vance, filed an answer to the complaint in which he admitted the execution of the note by the defendants, Hale Vance and Florence Vance, as makers, and its endorsement by him and S. C. Vance as appears on the note.

He alleges "that the said note sued on by the plaintiff in this action, set out in paragraph two of the complaint, was endorsed in the name of 'T. B. Vance Estate, S. C. Vance and Ira Vance, administrators,' as an accommodation for the makers of said note; that the defendant, Hale Vance, is a son of T. B. Vance, deceased, and defendant, Florence Vance, is the wife of Hale Vance and the estate of T. B. Vance, deceased, has not yet been settled up by the administrators of said estate, and the said note sued on by the plaintiff was not and was not intended to be personally endorsed by this defendant, but endorsed by the administrators of the estate of said T. B. Vance, as such administrators in the name of T. B. Vance Estate, to which endorsement reference is hereby made."

When the action was called for trial, the plaintiff moved for judgment in the pleadings. The motion was allowed, and the defendant excepted.

From judgment that plaintiff recover of the defendant, Ira Vance, the sum of $600.00, with interest from 23 January, 1932, and the costs of the action, the defendant appealed to the Supreme Court.

*McBee & McBee for plaintiff.*
*Charles Hughes for defendant.*

CONNOR, J. It does not appear from the pleadings in this action that T. B. Vance was indebted to the plaintiff, at his death, or that his estate received any consideration for the note sued on by the plaintiff. It is

alleged in the answer that the defendants, S. C. Vance and Ira Vance, as administrators of the estate of T. B. Vance, endorsed the note solely for the accommodation of the makers. It is clear, therefore, that the plaintiff is not entitled to judgment on the pleadings for the amount of the note against the defendants as administrators of T. B. Vance, deceased. *Banking Co. v. Morehead,* 122 N. C., 318, 30 S. E., 331.

There is nothing on the face of the note which shows that the defendant, Ira Vance, did not intend to become personally liable on the note by reason of his endorsement as administrator. It is alleged, however, in his answer that it was not the intention of the parties that he should become personally liable. In view of this allegation, which for the purpose of this appeal is admitted, it was error to allow plaintiff's motion for judgment on the pleadings. See *Banking Co. v. Morehead,* 116 N. C., 413, 21 S. E., 191.

If it shall be found at the trial of the action that it was understood by the parties to the note, at the time it was endorsed by the defendants, S. C. Vance and Ira Vance, as administrators, that they did not thereby become personally liable, the plaintiff will not be entitled to judgment against Ira Vance, personally, for the amount of the note. C. S., 3001. The judgment is

Reversed.