ANNIS *v.* .PFEIFFER.

1. Bills and Notes—Signature in Representative Capacity.
   Generally, one who signs an instrument in a representative ca-
   pacity is personally liable if he is not duly authorized (2
   Comp. Laws 1929, § 9269).

2. Same—Lack of Authority—Knowledge of Payee.
   An unauthorized signer of an instrument is not individually
   liable to payee if payee knew of such lack of authority (2
   Comp. Laws 1929, § 9269).

3. Same—Evidence—Parol Evidence—Intent.
   As between the original parties to a note, parol evidence is ad-
   missible to show that persons indorsing in a representative
   capacity were understood not to be personally liable on the
   note.

4. Same—Contracts—Negotiation—Statutes.
   A promissory note is a simple contract until it takes on peculiar
   features through negotiation by the payee or as may be ex-
   pressly declared by statute, and, as between the original par-
   ties, is subject to the same defenses as if it were nonnego-
   tiable (2 Comp. Laws 1929, § 9307).

5. Same—Guardian and Ward—Authority.
   Guardian of a minor, who signed a promissory note in her rep-
   resentative capacity under a misunderstanding as to, and
   actually without, authority *held*, not individually liable where
   the misunderstanding as to such signature was not occasioned
   by the conduct or silence of the signer but was due to the
   acts of payee's attorney with knowledge of the facts affecting
   the authority (2 Comp. Laws 1929, §§ 9269, 9307).

6. Same—Guardian and Ward—Mistake of Law—Personal Lia-
   bility of Guardian.
   In payee's action on promissory note against guardian of a
   minor to establish individual liability of guardian who signed
   in her representative capacity only, and had no authority to
   bind her ward's estate in order to raise money for paying off
   judgment against ward's cotenant in common, guardian *held*,
   not personally liable, where all facts were known to both par-
   ties and there was a mistake of law as to liability of principal
   (2 Comp. Laws 1929, §§ 9269, 9307).

7. APPEAL AND ERROR—FRAUD—EVIDENCE—PLEADINGS.

   Actionable tort by guardian of a minor, who signed note to plaintiff in representative capacity only, *held,* not established by claim that loan was hastily made under assertion of immediate necessity and creditor had agreed to wait for balance, where proceeds of loan were actually used for purpose borrowed, aside from fact that proper pleadings were lacking.

Appeal from Wayne; Pugsley (Earl C.), J., presiding. Submitted January 6, 1937. (Docket No. 28, Calendar No. 39,184.) Decided March 1, 1937.

Action by Newton Annis against Louisa Pfeiffer and Mabel F. Hardie for sums due on a promissory note. Summary judgment against defendant Pfeiffer. Judgment for defendant Hardie. Plaintiff appeals. Affirmed.

*Edmund M. Sloman,* for plaintiff.

*John H. Dohrman,* for defendant Hardie.

FEAD, C. J.  The action is upon the promissory note for $2,000 to plaintiff, executed by Louisa Pfeiffer and "Mabel F. Hardie, Guardian of Louise P. Manning." Plaintiff had summary judgment against Mrs. Pfeiffer. The action at present is for personal judgment against Mabel F. Hardie, individually. On trial before the court without a jury defendant Hardie had judgment. Plaintiff appeals.

Mrs. Pfeiffer and Louise P. Manning, a minor, were tenants in common of land. On a judgment against Mrs. Pfeiffer levy was made on the premises. She and Mabel Hardie approached plaintiff for a loan of $2,000 to discharge the levy. Plaintiff agreed to make the loan and referred them to his attorney to prepare the papers.

The attorney testified that Mabel Hardie did not explain that the judgment ran against Mrs. Pfeiffer

alone and that the land was held in common, but represented to him that Mrs. Pfeiffer and Louise P. Manning were jointly interested in the land; that she stated that an immediate loan was necessary to enable them to save the property from loss through foreclosure or from levy; that he thought Mabel Hardie had authority to execute the note as guardian because the money was being borrowed for the benefit of the minor's estate, at least in part; and that he requested Mabel Hardie to sign the note as guardian.

It is conceded that Mabel Hardie had no authority to bind her ward's estate on the note and she would have had no such authority without order of court even though her claimed representations to the attorney were true.

The court found that none of the parties thought or understood that Mabel Hardie should be held individually liable on the note. Plaintiff's attorney concedes that he believed she was binding the estate of her ward by signing the note and did not bind herself personally.

Plaintiff's contention is that as Mabel Hardie had no authority to bind her ward's estate on the note she became personally liable thereon. He relies on 2 Comp. Laws 1929, § 9269:

"Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized, but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

The courts generally have construed the section to carry the converse of the statutory declaration of lack of personal liability, *i. e.*, that one who signs in a representative capacity is personally liable if

he is not duly authorized. 8 C. J. p. 168; 42 A. L. R. 1318, note; 60 A. L. R. 1350, note.

But such converse construction does not establish an absolute rule. Plaintiff concedes the authority to be that an unauthorized signer is not individually liable if the payee knew of his lack of authority; and he relies upon the fact that his attorney, although through mistake of law, did not know that Mabel Hardie did not have power to bind the estate of her ward. He admits no other exception.

As between the original parties to a note, parol evidence is admissible to show that persons indorsing in a representative capacity were understood not to be personally liable on the note. *Lexington State Bank* v. *Rose City Creamery Co.*, 207 Mich. 81.

After all, a promissory note is a simple contract until it takes on peculiar features through negotiation by the payee or as may be expressly declared by statute. As between the original parties, it is subject to the same defenses as if it were nonnegotiable, 2 Comp. Laws 1929, § 9307. It would be an unwarranted extension of the inference of liability drawn from 2 Comp. Laws 1929, § 9269 to construe it as imposing personal liability on a signer in a representative capacity, contrary to the agreement or understanding of the parties and especially where the misunderstanding as to authority is not occasioned by the conduct or silence of the signer but is due to the acts of the payee's attorney who has knowledge of the facts affecting the authority but mistakes the law.

No case directly in point has been cited but in *Bank of Spruce Pine* v. *Vance,* 205 N. C. 103 (170 S. E. 119), upon an identical statute, the court said:

"If it shall be found at the trial of the action that it was understood by the parties to the note, at the time it was indorsed by the defendants, S. C. Vance

and Ira Vance, as administrators, that they did not thereby become personally liable, the plaintiff will not be entitled to judgment against Ira Vance, personally, for the amount of the note.''

And in *Schloss & Kahn* v. *McIntyre*, 147 Ala. 557 (41 South. 11), quoted with approval in *Foster* v. *Featherston*, 230 Ala. 268 (160 South. 689), the court said:

''Where all the facts are known to both parties, and the mistake is one of law as to the liability of the principal, the fact that the principal cannot be bound is no ground for charging the agent.''

Under the circumstances, defendant Hardie was not personally liable on the note.

Plaintiff attempts to make out a case of fraud by means of false representations, as the basis of a cause of action. He complains that, in addition to the matters stated above, there was no necessity for an immediate loan because $500 had been paid upon the judgment and the creditor had agreed to wait a specified time for the balance. Plaintiff's declaration was in assumpsit on the note and a subsequent paper counting in tort was filed without leave of court. The borrowed money was actually used to pay the judgment. Aside from lack of proper pleadings, plaintiff discloses no elements of actionable tort.

Affirmed, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER and CHANDLER, JJ., concurred.