THE FIRST NATIONAL BANK OF ELGIN, Plaintiff-Appellee, *v.* RUTH ACHILLI *et al.*, Defendants-Appellants.

(No. 72-125;

Second District—September 24, 1973.

2

Peter K. Wilson, Jr., of O'Brien, Burnell, Puckett & Barnett, of Aurora, for appellants.

Kirkland, Brady, McQueen, Martin & Callahan, of Elgin, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

On June 12, 1970, plaintiff, First National Bank of Elgin, confessed judgment for $17,450.00 against defendants Ruth Achilli, Howard Achilli and "Highland Motor Sales" on a promissory note which was signed in the lower right hand corner:

HIGHLAND MOTOR SALES
/S/ RUTH ACHILLI · (SEAL)
/S/ HOWARD ACHILLI (SEAL)

The defendants, Ruth and Howard Achilli, moved to reopen the judgment, alleging that no consideration was paid to them for the note; and that the note was not executed by them individually but solely as heirs at law and representatives of the estate of Sam Achilli, deceased, who prior to his death operated Highland Motor Sales as a sole proprietorship. In her affidavit, Ruth Achilli averred that she was the widow of Sam Achilli; that Sam Achilli, d/b/a Highland Motor Sales, a sole proprietorship, was indebted to the bank on a note upon which he owed $15,000, plus interest; that the bank insisted upon a renewal; and at the time when the note was signed she had not yet been appointed executor of her husband's estate and was unable to sign the note as executor. She further averred that the note was never intended to obligate defendants individually but merely intended to acknowledge an indebtedness to the bank owed by the Highland Motor Sales.

Subsequently Howard Achilli filed an additional affidavit in which he stated that at the time of the execution of the renewal note it was represented to defendants by the bank that the note was to be the note of Highland Motor Sales and was merely to show to bank examiners; that as soon as an estate was opened for Sam Achilli, the bank would file a claim against it; that the note was never intended to be their personal note; and that thereafter the bank did, in fact, file a claim against Sam Achilli's estate on the note in the sum of $15,433.98.

The bank filed a counter-affidavit averring that defendants actively managed Highland Motor Sales after the death of Sam Achilli and paid interest due on the note of Sam Achilli up to the date of the renewal note; that the bank did intend to hold defendants personally liable on the note; and that defendants signed the renewal note in consideration for the note of Sam Achilli which plaintiff surrendered to defendants, thereby abandoning its claim against the estate of Sam Achilli on the original note.

On February 3, 1972, the trial court denied defendants' motion seeking to reopen and confirmed the judgment by confession.

On appeal the defendants argue that the motion and affidavits establish three defenses: (1) that the note was that of Highland Motor Sales and not the individual defendants because it was signed in a representative capacity; (2) that no consideration was given for the note; and (3) that the defendants' signatures were fraudulently obtained. Plaintiff counters that the defendants failed to raise a prima facie meritorious defense and were not diligent in presenting their motion to open the judgment.

Plaintiff claims that the delay until more than five months after judgment was entered and a writ of execution served shows that the defen-

dants had not exercised due diligence in moving to open the judgment. However, defendants alleged in their motion that they were diligent, which was not contradicted or denied in plaintiff's counter-affidavit. (See *Stranak v. Tomasovic* (1941), 309 Ill.App. 177, 180-181.) At no time thereafter did plaintiff raise the defendants' alleged lack of diligence before the trial court. Under these circumstances, we will not consider the issue here.

■■■ On a motion to open a judgment by confession, the court is to determine only whether the motion and affidavits disclose a prima facie defense. No inquiry into the controverted facts of the case is to be conducted; rather, all of the allegations of fact and defendants' affidavits are to be taken as true and the motion is addressed to the sound legal discretion of the court. While earlier cases stated that the affidavits are to be strictly construed against the party presenting them (*e.g., Mandel Bros. v. Cohen* (1928), 248 Ill.App. 188, 190), it is now established that the motion is to be considered under liberal equitable principles, with the right to present a defense considered an exercise of the conscience of the court. *National Boulevard Bank v. Corydon Travel Bureau* (1968), 95 Ill.App.2d 281, 285.

Defendants claim a meritorious defense in that the note was signed in a representative rather than an individual capacity. It is clear from the pleadings that at the time the renewal note was executed by defendants, they lacked legal authority to obligate Highland Motor Sales. However, defendants argue that since the pleadings allege that both parties intended the defendants to sign in a representative capacity, they should be treated as representatives under the provisions of subsection 3—403(2) of the Uniform Commercial Code.[1] Plaintiffs respond that UCC 3—403(2) applies only to authorized agents and may not be ap-

---

[1] "§ 3—403. *Signature by Authorized Representative.*

\* \* \*

(2) An authorized representative who signs his own name to an instrument.

\* \* \*

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity. \* \* \*"

Ill. Rev. Stat. 1971, ch. 26, par. 3—403(2). (Commercial Code sections will hereinafter be cited UCC.)

plied to defendants since they lacked authority to sign for Highland Motor Sales at the time the note was executed.

We are of the opinion that a further section of the Uniform Commercial Code should be considered in dealing with the issue. UCC §3—404(1) dealing with unauthorized signatures provides:

> "Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it; but it operates as the signature of the unauthorized signer in favor of any person who in good faith pays the instrument or takes it for value."

Official Comment 2 thereto states that the final clause of subsection 3—404(1) is "limited to parties who take or pay the instrument in good faith; and one who knows that the signature is unauthorized cannot recover from the signer on the instrument." S.H.A., ch. 26, par. 3—404(1), at 231.

Had defendants signed the renewal note clearly revealing an agency or representative capacity with Highland Motor Sales either as administrators of the estate of Sam Achilli or otherwise, the subsection would apply to bar recovery on the note, if defendants could prove plaintiff knew they had no authority to bind Highland Motor Sales when the note was executed. (See also the pre-Code cases of *Johnson v. Graff* (1942), 68 S.D. 562, 5 N.W.2d 33; *Bank of Spruce Pines v. Vance* (1933), 205 N.C. 103, 170 S.E. 119; *Annis v. Pfeiffer* (1937), 278 Mich. 692, 271 N.W. 568; cf. *Greenlee v. Beaver* (1948), 334 Ill.App. 572.) The note is signed with the handprinted name of Highland Motor Sales, immediately below which appear defendants' signatures without disclosing a representative or agency relationship with Highland Motor Sales.

■■ Since only the immediate parties to the note are involved, we hold that the signatures in question are sufficiently ambiguous to allow extrinsic evidence showing the capacity in which the parties intended defendants to sign. (See *First Bank & Trust Co. v. Post* (1973), 10 Ill.App. 3d 127, 130-131; *Uptown Federal Savings & Loan Ass'n v. Collins* (1969), 105 Ill.App.2d 459; *Norman v. Beling* (1960), 33 N.J. 237, 163 A.2d 129, 82 A.L.R.2d 417; *Germania National Bank v. Mariner* (1906), 129 Wis. 544, 109 N.W. 574; *Pollin v. Mindy Manufacturing Co.* (1967), 211 Pa. Super. 87, 236 A.2d 542; Author's Comment, 4 Uniform Laws Annotated pp. 231-232 (Henson & Davenport 1968).) If defendants are able to establish (a) that as between them and plaintiff it was agreed that defendants were signing only in a representative capacity, and (b) that at the time the note was executed, plaintiff knew defendants were unauthorized to sign in such capacity, then defendants will have a meritorious defense under UCC § 3—404(1).

Since, on remand, defendants still may be found personally obligated on the note in question, the further defenses of lack of consideration and fraud which they have raised require discussion.

Defendants allege that no consideration was paid for the note. The affidavit of Ruth Achilli avers that the note was a renewal note; while Howard Achilli states in his affidavit that it was merely to show the bank examiners and that the bank would file a claim against the estate when it was opened. Plaintiff argues that consideration for the renewal note may be found in either the surrender of the original note, the forbearance to file a claim against the estate of Sam Achilli at the time the note was due, or in the fact that the renewal note was given as security for an antecedent debt.

■■ Consideration for a negotiable note is presumed and the burden is on the defendants to show the lack thereof. (UCC § 3—307(2); *Levin v. 37th St. Drugs & Liquors, Inc.* (1968), 103 Ill.App.2d 248, 253.) Ambiguous and uncertain evidence is insufficient to dispel the absolute and unconditional obligations that are represented by a promissory note. (*Steiner v. Rig-A-Jig Toy Co.* (1956), 10 Ill.App.2d 410, 414.) Thus, defendants in their affidavits and motion to vacate must allege sufficient facts clearly showing they have a defense in this regard. See *Turner v. Smiley* (1972), 8 Ill.App.3d 388, 391.

■■ Keeping the foregoing in mind, we need only consider the security argument of consideration. A note signed as security for an antecedent claim or debt, even though signed by a third party, needs no consideration. (UCC § 3—408 [2] and Official Comment 2 thereto (S.H.A., ch. 26, par. 3—408, at p. 261); *A. M. Castle & Co. v. Bagley* (1970), 24 Utah 2d 136, 467 P.2d 408, 409; *Musulin v. Woodtek, Inc.* (1971), 260 Ore. 576, 491 P.2d 1173, 1175; see also *American National Bank v. Woolard* (1930), 342 Ill. 148, 155; *Chicago Bank of Commerce v. Kraft* (1933), 269 Ill. App. 295, 305-6.) In the instant case, the renewal note could serve to secure the debt owed by Sam Achilli as evidenced by his promissory note. This would be consistent with the averments that the bank stated to defendants that it would file a claim against the estate of Sam Achilli

---

[2] "§ 3—408. *Consideration.* Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (Section 3—305), except that no consideration is necessary for an instrument or obligation thereon given in payment of *or as security for an antecedent obligation* of any kind. Nothing in this Section shall be taken to displace any statute outside this Act under which a promise is enforceable notwithstanding lack or failure of consideration. Partial failure of consideration is a defense pro tanto whether or not the failure is in an ascertained or liquidated amount." (Emphasis added.)

when it was opened, that such a claim was filed, and that the estate is apparently insolvent.

Defendants argue that an instrument which the bank alleges is either a renewal note or an exchange for Sam Achilli's note cannot be transformed into a suretyship transaction because the document does not purport to be a guaranty instrument and no agreement to that effect was pleaded. Defendants reason that it is not logical to assume that there would be a guaranty of the debt of a deceased person without any consideration.

■■ Defendants' argument is not persuasive. A promissory note need not purport on its face or be accompanied by a written agreement to serve as security for the payment of an antecedent obligation. (See, *e.g.*, *Elgin National Bank v. Goecke* (1920), 295 Ill. 403.) From the affidavits it is undisputed that defendants were the heirs of Sam Achilli (his widow and son), were actively managing Highland Motor Sales after Sam Achilli's death, and had paid the interest owing on the Sam Achilli note up through the date of the renewal note they executed. It would thus appear that more was involved than merely signing an instrument which would satisfy the bank examiners. Under such circumstances, we conclude that, as a matter of law, defendants have failed to demonstrate by their motions and the affidavits that the note signed by them was not given as security for the antecedent debt of Sam Achilli. See *Chicago Bank of Commerce v. Kraft* (1933), 269 Ill.App. 295, 304-306; *Katski v. Boehm* (1968), 249 Md. 568, 241 A.2d 129, 135; *General Tire & Rubber Co. v. Soloman* (1971), 124 Ga.App. 308, 183 S.E.2d 573; see also *State Bank of Arthur v. Sentel* (1973), 10 Ill.App.3d 86, 88-91.

Defendants argue that the security theory imports a new theory of consideration not heretofore presented and therefore one that should not be considered. However, defendants overlook the fact that they have the burden in their motion to open the judgment and accompanying affidavits of negativing all forms of consideration. *American National Bank v. Woolard* (1930), 342 Ill. 148, 155-157; *Wolfe v. Endres* (1969), 113 Ill.App.2d 96, 100.

■■ Defendants' final contention is that they have shown a meritorious defense by alleging that their signatures were fraudulently obtained on the note in question. The purported defense is based on the affidavit of Howard Achilli to the effect that after his father's death the plaintiff's cashier approached him and his mother and indicated that because Highland Motor Sales had been a sole proprietorship he needed the defendants to sign a note to show the bank examiners that a debt existed from Highland Motor Sales, since an estate had not yet been opened; and

that based on these representations the note was signed in a representative capacity, and the bank's claim against Sam Achilli's estate was not surrendered. The affidavits do not allege the bank ever represented the document to be anything other than a note. A misrepresentation of the legal effect of an instrument does not constitute fraud. (*First National Bank of Manlius v. Garland* (1911), 160 Ill.App. 407, 409.) Defendants' affidavits and argument on appeal show only that they misapprehended the legal effect their signing of the renewal note might have had and are insufficient to disclose a prima facie defense on the basis of fraud.

■■ The court below correctly decided that defendants failed to present a meritorious defense based upon either lack of consideration or fraud. However, for the reasons we have previously stated, the motion and affidavits filed by defendants have made a prima facie meritorious defense based on UCC § 3—404(1) so that the court below erred in denying defendants' motion to open the judgment by confession. We therefore vacate the order confirming the judgment by confession, reverse the order denying defendants' motion to reopen, remand the cause and direct the trial court to proceed in conformity with Supreme Court Rule 276 and in accordance with the views expressed in this opinion.

Reversed and remanded with directions.

GUILD, P. J., and T. MORAN, J., concur.