CHONG U. KIM *et al.*, Plaintiffs-Appellees, v. MUN BOO KIM, Defendant-Appellant.

Second District    No. 2—92—1206

Opinion filed August 5, 1993.

Bruce J. Van Heukelem and Earl A. Talbot, both of Hoogendoorn, Talbot, Davids, Godfrey & Milligan, of Chicago, for appellant.

Midong Brown Choi and Jackson Williams, both of Choi & Schugg, of Chicago, for appellees.

JUSTICE QUETSCH delivered the opinion of the court:

The plaintiffs, Chong U. Kim and Song Ja Kim, obtained a judgment by confession in the amount of $60,645.50 on a promissory note signed by the defendant, Mun Boo Kim. The defendant appeals from the trial court's order denying his motion to open the judgment by confession. We reverse and remand.

The relevant facts of this case are as follows. On March 17, 1992, the defendant signed a contract for the purchase of a dry-cleaning business, Cardel Cleaners, owned by the plaintiffs. The purchase price was $90,000, of which $60,000 was to be in the form of an installment note payable to the plaintiffs. The contract was contingent upon the defendant's securing a lease for the business premises "for a period of not less than five years at a rental of $1430 per month on or before March 26, 1992." The closing of the sale was scheduled for April 1, 1992.

On March 31, 1992, Affiliated Realty, as agent for the landlord of Cardel Cleaners, prepared documents pertaining to an assignment of the existing lease from the plaintiffs to the defendant. The landlord required that the lease be assigned to both the defendant and his

wife. However, the defendant told the plaintiffs and their counsel that his wife was not a party to the transaction and would not execute any document in connection therewith.

On April 1, 1992, the parties agreed to close the sale in escrow. The plaintiffs' attorney, Midong Choi, prepared an escrow agreement pursuant to which he would act as escrowee. The defendant deposited into escrow $30,000, the $60,000 note, a security agreement, a collateral assignment of lease and a Uniform Commercial Code financing statement. The escrow agreement signed by all parties and dated April 1, 1992, further provided:

"I, MIDONG CHOI, as escrowee shall hold the above deposits until Buyer secures an assignment of present lease at Cardel Cleaners. Except for pay out to Affilliated [*sic*]. Buyer shall obtain possession of the above business as of April 2, 1992, 12:01 am.

In the event the Buyer do [*sic*] not obtain said assignment of present lease within 2 days, escrowee shall return all respective parties' deposit [*sic*] to respective parties and Seller agrees to return above amount received to Buyer. Buyer agrees to return possession of the business to Seller. champion [*sic*] Realty and other broker involved agree to return all commission [*sic*] received to Seller.

In the event that the Buyer does obtain said assignment, escrowee shall tender to Seller all the Buyer's deposit and tender to Buyer all Seller's deposit."

The defendant subsequently notified the escrowee of his failure to secure an assignment of the lease, and he demanded the return of the escrow deposits. On May 20, 1992, the plaintiffs sued the defendant for a confession judgment based on the $60,000 note the defendant had deposited into escrow. On June 4, 1992, the trial court entered an order of judgment by confession in favor of the plaintiffs for $60,645.50.

On June 30, 1992, the defendant filed a motion to open the judgment by confession. The defendant alleged that he had a good and meritorious defense to the plaintiffs' claim, in that the contract and promissory note were contingent upon his securing a lease of the business premises. The defendant filed an affidavit in support of his motion in which he stated that he had attempted to secure a new lease or an assignment of the present lease but had been unable to do so. The defendant later filed the supplemental affidavit of his attorney, Chol M. Yang. Yang stated that the plaintiffs knew that the defendant did not want his wife to be a party to the transaction, but that Affili-

ated Realty would not consent to an assignment of the lease in the defendant's name only.

The plaintiffs filed counteraffidavits of Mariann Eder, an employee of Affiliated Realty, and Midong Choi. Eder stated that on March 31, 1992, Affiliated agreed to consent to the assignment of the Cardel Cleaners lease to the defendant and his wife. However, Eder further stated that she did not hear from the defendant concerning execution of the assignment, and calls to his attorney were not returned. Choi stated that he was not notified about the defendant's wish to cancel the purchase until two weeks after the closing.

The trial court denied the defendant's motion, ruling:

> "[t]hat the procuring of a new lease was a contingency that was dealt with by the parties at the time the agreement was signed and in a subsequent document and was waived by the defendant's failure to declare said failure within the time provided;
>
> That the affidavits and documents on file demonstrate that the defendant did not make a good faith effort to obtain a new lease and the same did not come to pass for his failure to sign the new lease."

The procedure for opening a judgment by confession is set forth in Supreme Court Rule 276 (134 Ill. 2d R. 276). That rule provides in part:

> "A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 191 for summary judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a *prima facie* defense on the merits to the whole or a part of the plaintiff's claim, the court shall set the motion for hearing. The plaintiff may file counteraffidavits. If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's claim and that he has been diligent in presenting his motion to open the judgment, the court shall sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown, and the case shall thereafter proceed to trial upon the complaint, answer, and any further pleadings which are required or permitted." 134 Ill. 2d R. 276.

■ Thus, on a motion to open judgment by confession, the trial court is only to determine whether the defendant's motion and affidavits disclose a *prima facie* defense. (*First National Bank v. Achilli*

(1973), 14 Ill. App. 3d 1, 4.) No inquiry into the controverted facts of the case are to be conducted; rather, the court must accept as true the facts asserted by the defendant in his affidavits. (*Achilli*, 14 Ill. App. 3d at 4.) The trial court may not try the merits of the case on the affidavits or counteraffidavits because such a procedure would encroach upon the right to trial by jury. (*Kuh v. Williams* (1973), 13 Ill. App. 3d 588, 593.) The motion is addressed to the sound legal discretion of the court and will not be disturbed on review absent an abuse of that discretion. (*Schultz v. Gignac* (1981), 94 Ill. App. 3d 399, 401.) However, when a *prima facie* defense is raised, the trial court has no discretionary authority but must open the judgment and proceed to trial. *Gromer, Wittenstrom & Meyer, P.C. v. Strom* (1986), 140 Ill. App. 3d 349, 352.

■ In this case, the defendant's motion alleges that the promissory note was contingent upon the assignment of an existing lease or a new lease. The defendant filed affidavits complying with Supreme Court Rule 191 (134 Ill. 2d R. 191) which alleged that he was unable to secure a satisfactory assignment. Thus, the defendant's motion and supporting affidavits raise the defense of failure of consideration, which is a valid statutory defense to an action upon a note. (815 ILCS 105/9 (West 1992).) Once the defendant raised the meritorious defense of failure of consideration, the trial court had no discretionary authority, but was required to allow the motion to open judgment and proceed to trial.

The trial court erred in ruling that the defendant had waived his defense and had not made a good-faith effort to secure a lease. The court did not accept as true the facts asserted by the defendant in his affidavit that he had unsuccessfully attempted to secure a lease and had so notified the plaintiffs. Further, the court improperly weighed the statements in the counteraffidavits that the defendant did not contact Affiliated Realty about the execution of an assignment of the lease and did not promptly notify the plaintiffs about his wish to cancel the purchase. The court therefore abused its discretion in denying the defendant's motion to open the judgment by confession.

The judgment of the trial court is reversed, and the cause is remanded with directions to open the judgment and proceed to trial.

Reversed and remanded with directions.

McLAREN and GEIGER, JJ., concur.