(No. 38370.—▮▮▮▮▮▮▮)

MARGARET F. JACK *et al.*, Appellees, *vs.* OAKBROOK TERRACE COMMUNITY PARK DISTRICT *et al.*, Appellants.

*Opinion filed Sept. 29, 1964.—Rehearing denied Nov. 23, 1964.*

THEODORE W. HUSZAGH, of Chicago, for appellants.

WILSON & McILVAINE, and LORD, BISSELL & BROOK, both of Chicago, and RATHJE, WOODWARD & DYER ASSOCIATES, of Wheaton, (F. A. REICHELDERFER, LESTER C. ZACZEK, and ALFRED E. WOODWARD, of counsel,) for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The owners of substantially all of certain described territory embraced in the Oakbrook Terrace Community

Park District, and all of the electors residing in the territory, filed a petition in the county court of Du Page County to disconnect it from the district. The district and certain other residents therein objected on the ground, *inter alia,* that the statute under which the proceedings were brought is unconstitutional. After a hearing the court granted the petition and disconnected the territory. The objectors appeal.

The statute involved here appears as section 3—6a of the Park District Code. (Ill. Rev. Stat. 1963, chap. 105, par. 3—6a.) It was added as an amendment to the code in 1963 and permits the disconnection of territory from a newly organized park district. It provides that within one year of organization, any territory included therein may be disconnected by order of the county court if it adjoins another park district having on file a petition to annex it and an ordinance of intention to do so. Other conditions are prescribed which are not relevant to the issues here.

The petition to disconnect is required to be signed by a majority of the electors residing in the territory to be disconnected, as well as a majority of the owners and of the area of land therein. Objectors contend first that two corporations, owning together more than a majority of the land in the territory, cannot be considered as signers of the disconnection petition because their respective articles of incorporation and bylaws fix the number of directors at seven and the evidence shows that neither had more than three since its incorporation. It is argued that only a majority of the number provided for can constitute a quorum, that a quorum is necessary to authorize the transaction of corporate business, that the persons signing on behalf of the corporations could not have been properly elected to their purported offices, and that since they had no authority their act in purporting to bind the corporations was a nullity.

We cannot accept the contention. The matter relied upon relates to an internal affair of the corporations which is no concern of the objectors in these proceedings. Corpo-

rate officers exercising the functions of their offices under color and claim of authority, even though unlawfully elected, are nevertheless *de facto* officers. So far as third parties, such as the objectors here, are concerned, their acts are as binding upon the corporation as if they were officers *de jure.* (*Cf. Wolfson* v. *Avery,* 6 Ill.2d 78, 97). It has been sufficiently shown that the corporations in question signed the petition to disconnect. *Anderson* v. *City of Rolling Meadows,* 10 Ill.2d 54.

It is urged that the Illinois Toll Highway Commission, a record owner of land in the territory appearing as one of the petitioners, did not properly authorize a signing of the petition. It appears that the petition to disconnect (as well as the petition to annex to the adjoining park district) signed on behalf of the commission by its chairman and secretary, omitted a small triangular piece of property from the description as contained in the authorizing resolution. The objectors claim that this discrepancy invalidated the signatures and that subsequent resolutions, which ratified and adopted the petitions as executed, could not relate back so as to make the signing valid as of the original date. We can find no merit in the position. The petitions were duly executed on behalf of the commission by its chief executive officer, attested by the secretary, all in accordance with its bylaws, and with the general pattern of conducting the business of a corporation. Objectors have not shown that the bylaws require the petitions to be preceded at all by a resolution, nor has any authority been cited that a deficiency of the kind relied upon would suffice to invalidate the action taken by the officers. In any event the objectors do not deny that the action was fully ratified, confirmed and adopted. The undisputed facts in this case clearly show authority and direction to the chairman of the commission to sign the petitions on its behalf. *Cf. Potter* v. *Fon du Lac Park District,* 337 Ill. 111, 119-120.

The constitutional contention has even less merit. It

is based upon section 13 of article IV which says, *inter alia,* that no statute shall be amended by reference to its title only, but the section amended shall be inserted at length in the new act. The objectors argue that the 1963 act, which added the section in question, amends section 3—1 of the code in a manner contrary to the constitutional prohibition. Section 3—1 deals with annexation of territory to park districts. The new section deals with the disconnection of territory. It does not "amend section 3—1" and does not purport to do so. It simply adds a new section to the Park District Code, article 3 of which deals with annexation *and disconnection* of territory. There has been no showing of any constitutional infringement whatever.

The order of the county court of Du Page County is affirmed.

*Order affirmed.*