Interstate Bakeries Corporation, a Corporation, Plaintiff-Appellee and Cross-Appellant, v. Bakery, Cracker, Pie and Yeast Wagon Drivers Union, Local 734, International Brotherhood of Teamsters, an Unincorporated Association, Defendant-Appellant and Cross-Appellee.

Gen. No. 50,061.

First District, Fourth Division.

May 5, 1965.

Carmell & Charone, of Chicago (Sherman Carmell, of counsel), for defendant-appellant and cross-appellee.

Winston, Strawn, Smith & Patterson, of Chicago (George B. Christensen and Fred H. Daugherty, of counsel), for plaintiff-appellee and cross-appellant.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from an order directing defendant to proceed to arbitration pursuant to the terms of its collective bargaining agreement with the plaintiff. Plaintiff cross-appeals from that part of the order denying an injunction. Defendant appealed directly to the Supreme Court on the ground that specific enforcement of an agreement to arbitrate future controversies was unconstitutional. The Supreme Court transferred the case to the Appellate Court holding that it was "without jurisdiction." Interstate Bakeries Corp. v. Wagon Drivers Union Local 734, 31 Ill2d 317, 320, 202 NE2d 7.

Plaintiff is a corporation which bakes, sells at wholesale and delivers bread and allied products in the Chicago metropolitan area. Defendant, a labor union, represents the truck drivers employed by plaintiff. When the litigation commenced in May 1963 the parties were bound by a collective bargaining agree-

ment consisting of a master contract, a supplemental agreement and a rider to the master contract covering the duties and compensation of "sales drivers" and "drop shipment drivers." [1]

The collective bargaining agreement provided for the arbitration of differences between the union and the employer and also provided that there would be no lockout or strike while the matters were being arbitrated.

In May 1963 plaintiff acquired an additional customer for "private label drop shipment bread." A dispute developed as to whether deliveries of the "private label bread" were to be made pursuant to the collective bargaining agreement or the supplemental agreement.

On May 21, 1963, the drivers refused to make deliveries without assurances that they would be compensated in accordance with the union's interpretation of the agreement, i. e., as sales drivers. Plaintiff declined to accede to this interpretation of the agreement. Defendant rejected plaintiff's request that the issue be submitted to arbitration.

Plaintiff brought suit in the Circuit Court of Cook County for (1) specific performance of the arbitration agreement, (2) for an injunction and (3) for such other and further relief as may be meet. The trial court issued a temporary injunction which was subsequently dissolved. Deliveries were resumed and the drivers were paid in accordance with the union's interpretation of the contract. The case was referred to a master

---

[1] The collective bargaining agreement provided that the sales drivers receive a regular weekly wage plus a commission. The supplemental agreement provided that "drop shipment drivers" be paid an hourly wage. The drop shipment driver generally delivered "private label bread" to the receiving room of a grocery outlet; unlike his counterpart, he did not perform any selling activity or create displays.

whose report recommended that a decree be entered directing the defendant to proceed to arbitration and denying the issuance of an injunction. The court adopted the master's report.

This court was apprised on oral argument and in supplemental briefs that the supplemental agreement expired during the course of this appeal [2] and that the drop shipment delivery system has neither been retained nor its pertinent provisions incorporated into the new collective bargaining agreement which was entered into by the parties in 1965.

The basic issue now is whether the expiration of the 1961–63 supplemental agreement has rendered moot the issues of specific performance of the arbitration clause and an injunction against certain activities including the dissemination of defendant's views to plaintiff's employees or customers.

■ With reference to the injunction issue we cite with approval McDonald v. Brewery & Beverage Drivers & Helpers & Warehousemen, Local Union No. 792, 215 Minn 274, 9 NW2d 770 (Minnesota). In that case plaintiff appealed from the trial court's refusal to grant an injunction against a breach of a collective bargaining agreement. The court said at page 772:

> Since such relief [injunction] is directly contingent upon the contract and its continuance in effect, and since the contract has now terminated, it would appear that the questions here presented have become moot. Should we now, in effect, order the trial court to grant such additional relief, we should be directing action under the expired contract. Such an order would be a nullity.

---

[2] Plaintiff contends that the supplemental agreement expired October 31, 1964. Defendant maintains that the expiration date was December 31, 1963.

We cannot enter an order requiring the trial court to grant injunctive relief under the expired contract; therefore, the issue is moot. Also see: Oil Workers Unions v. Missouri, 361 US 363, 367.

■■ The issue of whether a court can order arbitration of the driver classification controversy is now also moot. There is no longer an "actual controversy" as to arbitration. In La Salle Nat. Bank v. City of Chicago, 3 Ill2d 375, 121 NE2d 486, the court stated at page 378:

> Where the issues involved in the trial court no longer exist, an appellate court will not review a case merely to decide moot or abstract questions, to establish a precedent, or to determine the right to, or the liability for, costs, or, in effect, to render a judgment to guide potential future litigation. (Citing cases.)

In Mills v. Green, 159 US 651, at 653, the court said:

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.

Also see: Harney v. Cahill, 57 Ill App2d 1, 206 NE2d 500.

■ A moot case will be decided on the merits if there is a "compelling and substantial reason for public interest." Daley v. License Appeal Commission, 55 Ill App2d 474, 476, 205 NE2d 269; Wisconsin Employment Relations Board v. Allis-Chalmers Workers' Union, Local 248, 252 Wis 346, 32 NW2d 190 (Wisconsin). We find that there is no compelling and substantial reason involving the public interest which

would require an interpretation of the drop shipment provision of the supplemental agreement.

The order of the Circuit Court directing defendant to proceed to arbitration pursuant to the terms of its contract with plaintiff is set aside because intervening events have made the issue moot. Such a disposition makes it clear that this issue will not be res judicata, since there is no judgment on the merits. The order is reversed and the cause remanded with directions to dismiss that part of the complaint seeking specific performance. The order denying the injunction is affirmed also because of mootness of the issue.

Reversed and remanded in part; affirmed in part.

McCORMICK, P. J. and ENGLISH, J., concur.