**Sarah Levin, Plaintiff-Appellee, v. 37th Street Drug & Liquors, Inc., a Corporation, Defendant-Appellant.**

**Gen. No. 52,663.**

First District, Third Division.

December 12, 1968.

Rehearing denied January 10, 1969.

Stradford, Lafontant, Fisher & Corrigan, of Chicago, for appellant.

Solomon & Grossman, of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

The defendant appeals from a judgment entered in favor of the plaintiff upon a promissory note in the amount of $5,618.35. Judgment by confession was originally obtained and the defendant petitioned to vacate the judgment. The judgment was opened and leave granted to defend, and the cause came to trial without a jury. The trial court reinstated the judgment and the defendant prosecutes this appeal.

The issues presented at trial were in substance whether the parties who signed the note for the corporation as officers of the defendant-corporation were in fact

officers so as to bind the defendant and whether the note had been issued for valid consideration. At the inception of the trial, the court ruled that the defendant had the burden of proof and, as a result, the defendant went forward with his case. The defendant called one Albert Levin under section 60 as an adverse witness and called one Heyward Bland as its own witness.

On December 15, 1964, Albert Levin and Heyward Bland entered into an agreement whereby Levin agreed to purchase all of the shares of stock of the defendant for $12,000, and Levin further agreed to pay $18,000 for all of the inventory located upon the premises of the defendant. The stock was assigned to Levin but was held by Bland as security for the payment of the sums described above. As of June 1, 1965, Mr. Levin had paid $18,000 and owed the remainder under the agreement.

The defendant was beset with financial difficulties and Bland advanced additional funds to the defendant. Mr. Levin testified that in order to secure funds to repay Bland, the plaintiff, Sarah Levin, advanced $5,000 to the corporation. Albert Levin stated that this advancement took the form of a check issued by the plaintiff's attorney to the order of Heyward Bland. The adverse witness also testified that on June 1, 1965, a stockholders' meeting was held at which he and Marvin Levin and Katherleen Pittman were elected directors; and on the same day a directors' meeting was held at which Marvin Levin was elected President, Albert Levin was elected Vice President and Assistant Secretary, and Katherleen Pittman was elected Secretary. According to Albert Levin, on June 15, 1965, a note was executed by him as Assistant Secretary and by Marvin Levin as President and was made payable to the plaintiff in consideration of the plaintiff's $5,000 advancement to the corporation.

Heyward Bland admitted receiving the $5,000 check issued by Mr. Solomon, the plaintiff's attorney, for the

money he had loaned to Albert Levin. Bland denied knowing whether the funds which he had loaned to Levin were used for corporate purposes or for Levin's personal use.

The defendant placed into evidence written records of the defendant dated September 20, 1965, which recited that on that date the prior officers and directors resigned and Marvin and Albert Levin and Katherleen Pittman were elected directors and officers of the defendant. Albert Levin's testimony contained a denial that such a meeting was held on that date, and he stated that these resignations and elections took place on June 1, 1965.

The defendant contends that the trial court erred in placing the burden of proof on the defendant and since plaintiff offered no proof at the close of the defendant's case other than the stock purchase agreement of December 15, 1964, judgment should have been entered in favor of the defendant. It has been held that once the defendant is allowed to plead upon the opening of the judgment by confession, the burden is upon the plaintiff to prove his case as if no judgment had been confessed on the cognovit. (Morris v. Taylor, 199 Ill App 588; Curtin v. Kinney, 304 Ill App 257, 26 NE 2d 159.) However, in the absence of prejudice resulting from the defendant's presenting his evidence first, this procedural error is of no importance. (Morris v. Taylor, supra.) We fail to perceive how the defendant in the instant case was substantially prejudiced by initially going forward with his defenses to the instrument. Even though the plaintiff did not formally enter the note into evidence, it was referred to by the defendant in his examination and was also referred to in the pleadings. The defendant was not attacking the formalities of the execution of the note. The defendant's only defenses were failure of consideration and lack of authority in those who executed the note. Once the judgment has

252

been opened and the defendant allowed to plead, the burden of making out a defense is upon the defendant. Woulfe v. Douglas Storage Van & Express Co., 232 Ill App 230.

There was testimony by Albert Levin that the plaintiff had advanced funds to the defendant which formed the consideration for the note. The same witness testified that at the time the note was executed he and his brother, Marvin Levin, were in fact officers of the defendant. In view of the evidence before this court, it would be futile to reverse and remand due to the procedural error and thereby not reach the merits of the case.

■ There was testimony that the plaintiff advanced funds to the corporation when it was in financial distress. A promissory note issued to keep a corporation going or to strengthen its credit or to preserve its solvency rests on good consideration. Central Republic Trust Co. v. Evans, 378 Ill 58, 37 NE2d 745.

■ ■ A promissory note is presumed to have been issued for valid and sufficient consideration, and evidence offered to rebut this presumption must be of a very clear and cogent nature. (Gilberson v. Moore, 35 Ill App2d 175, 182 NE2d 767; Steiner v. Rig-A-Jig Toy Co., 10 Ill App2d 410, 135 NE2d 166.) The defendant argues that there was no evidence to show that the $5,000 check issued to Bland was issued against funds which had belonged to the plaintiff. There was testimony that the plaintiff had the check issued in this manner because Bland refused to take a check drawn by the defendant itself. In any event, the defendant had the burden of proving the defense of want of consideration, and this burden was not met in the case at bar.

The defendant also contends that the written records of the corporation offer conclusive proof that the signers of the note were not officers at the time the note was executed. The adverse witness testified that there had

been a valid election of the Levins as officers and directors prior to the execution of the note.

In view of the evidence adduced at trial, we need not decide who were in fact the duly elected and de jure officers of the defendant when the note was signed. Corporate officers exercising the functions of their offices under color and claim of authority, even though unlawfully elected, are nevertheless de facto officers. So far as third parties are concerned their acts are as binding upon the corporation as if they were officers de jure. (Jack v. Oakbrook Terrace Community Park Dist., 31 Ill2d 390, 202 NE2d 7.) It appears from the evidence that subsequent to December 15, 1965, the old officers had no active duties in the management of the defendant. Mr. Bland admitted, under cross-examination, that he was President of the 37th and Indiana Building Corporation which was the lessor of the defendant's premises, and that he had entered into a lease which was signed by Albert Levin on behalf of the defendant corporation. This transaction coupled with the noticeable lack of any activity by the old officers after the sale of the stock to Albert Levin indicates that the officers elected, however informally, on June 1, 1965, operated under color and claim of authority following that date with the authority to bind the defendant on instruments such as the note in the case at bar.

For the foregoing reasons, we conclude that the trial court's reinstatement of the original judgment should be affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.