OAK TRUST & SAVINGS BANK, Plaintiff-Appellee, *v.* JOHN A. ANNERINO, Defendant-Appellant.

First District (1st Division) No. 77-498

Opinion filed September 25, 1978.

John C. Ambrose, of Chicago, for appellant.

Robert L. Berkover, of Chicago (McCracken & Walsh, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Oak Trust & Savings Bank (plaintiff) sued John A. Annerino (defendant) to recover the balance due on two checks drawn by defendant, payable to the order of plaintiff. Plaintiff's motion for summary judgment was granted and defendant appeals, arguing that a genuine issue of material fact exists which precludes summary judgment and an affidavit submitted in support of plaintiff's motion sets forth conclusions, not evidentiary facts.

Plaintiff's complaint alleges that on June 22, 1974, defendant and Raphael Tyler went to Oak Trust & Savings Bank to pay a loan which Tyler owed plaintiff in order to obtain a release of lien on Tyler's automobile. Defendant drew two checks payable to plaintiff for a total of $2,549.65. In return for the checks, defendant received the title to Tyler's automobile, plaintiff's lien stamped "Satisfied" and the original installment loan contract stamped "Paid." Plaintiff presented the checks to

defendant's drawee-bank, which refused to pay the checks because the defendant had stopped payment on them.

After his motion to dismiss for failure to comply with the Statute of Frauds was denied, defendant filed his answer, which admitted that he had delivered the checks as alleged, stated he had insufficient knowledge concerning the presentment and dishonor of the checks and denied all the other allegations of plaintiff's complaint.

Plaintiff moved for summary judgment. In support of its motion for summary judgment, plaintiff submitted defendant's deposition testimony. At his deposition, defendant stated that on June 22, 1974, he and Tyler went to the bank to pay off the loan on Tyler's Pontiac automobile. The Pontiac was to have been "traded in" for a new Cadillac that same day. Defendant was also lending more money to Tyler for the Cadillac. The title to the Cadillac was to have been in defendant's name. Defendant stated that he stopped payment on the checks which he had delivered to plaintiff because he found out that Tyler had not put the Cadillac title in defendant's name. He stopped payment on the checks to prevent Tyler from making a fool of him. The Cadillac dealer took Tyler's Pontiac in trade on June 22, 1974. The dealer would have taken the Pontiac in trade only if Tyler had title to it, but he did not know for a fact whether Tyler had the title. Defendant said Mr. Healy from the bank said Annerino should get the title because he was paying the money.

The affidavit of Terrance Healy, an officer of plaintiff, was also submitted in support of plaintiff's motion. Healy stated that after defendant insisted his checks were good and produced a $20,000 deposit slip for his checking account, Healy agreed to exchange the collateral installment note, stamp it paid and release the lien on Tyler's Pontiac to defendant and Tyler. Healy further stated that he delivered the note, stamped "Paid," and the lien to defendant and Tyler when he accepted defendant's checks.

Defendant's answer to plaintiff's motion for summary judgment denied that he received the note and lien. In his counteraffidavit, defendant stated that Healy told him they had no deal until the checks cleared. Defendant further stated that delivery of the title to Tyler was contrary to Healy's statement that the title would not be delivered until the checks cleared.

Defendant contends that there is a genuine issue of material fact because there is a question regarding the consideration for his checks. Plaintiff argues that consideration for a negotiable instrument is presumed to exist and unless there is clear and convincing evidence of a failure of consideration, the presumption remains unrebutted.

■■ Plaintiff's officer's affidavit states clearly that the note and release of lien were delivered when defendant's checks were accepted. The

defendant denies that this is so and contends that a genuine issue of fact is thus created. We disagree. Plaintiff contends correctly that the burden of establishing a defense of failure of consideration by a preponderance of the evidence is on the person asserting it. (Ill. Rev. Stat. 1975, ch. 26, par. 3—307(2); see *First National Bank v. Achilli* (1973), 14 Ill. App. 3d 1, 6, 301 N.E.2d 739, 743; *Levin v. 37th Street Drugs & Liquors, Inc.* (1968), 103 Ill. App. 2d 248, 253, 243 N.E.2d 504, 506.) Plaintiff's officer testified that he delivered the paid note and the release of lien in exchange for the checks. Plaintiff's actions are consistent with that assertion. Defendant himself stated that Tyler was able to obtain the Cadillac by trading his Pontiac to the dealer. In order to agree with defendant that a genuine issue of material fact exists as to the delivery of title by plaintiff, we would have to believe that the Cadillac dealer took the Pontiac in trade without receiving evidence of title from Tyler. The facts are clearly to the contrary. No genuine issue of material fact exists on this record.

■■■ Defendant argues at some length that Healy's affidavit violates Supreme Court Rule 191 (Ill. Rev. Stat. 1977, ch. 110A, par. 191) because it is conclusory and does not assert evidentiary facts. In the trial court defendant moved to strike paragraphs two and three of Healy's affidavit; however, the record is devoid of any ruling by the trial court on defendant's motion to strike. It is the movant's duty to bring his motion to the court's attention and to preserve the rulings thereon; failure to do so waives the objection. (*Davis v. Nehf* (1973), 14 Ill. App. 3d 318, 321, 302 N.E.2d 382, 385.) Here, the objections to paragraphs two and three were waived by defendant's failure to bring his motion to strike to the court's attention and to preserve the rulings thereon. Defendant's other contentions concerning Healy's affidavit were raised for the first time in this court and are therefore waived. *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 501; *Ray v. City of Chicago* (1960), 19 Ill. 2d 593, 602, 169 N.E.2d 73, 78.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY and WILSON, JJ., concur.