ELMER C. JOHNSON III, Plaintiff-Appellant, v. TERRY MACHETTI, Clerk of the Peoria Police Pension Fund, *et al.*, Defendants-Appellees.

Third District   No. 3—91—0179

Opinion filed May 5, 1992.—Rehearing denied June 10, 1992.

Nicoara & Steagall and Joseph Napoli, both of Peoria (Richard L. Steagall, of counsel), for appellant.

Jeffrey Alan Ryva, of Husch & Eppenberger, of Peoria (Stephen D. Gay, of counsel), for appellees.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff, Elmer C. Johnson III, appeals from the order of the circuit court dismissing his amended complaint for lack of jurisdiction. We affirm.

Plaintiff, a Peoria police officer, applied to the Peoria Police Pension Fund board of trustees (hereinafter Pension Board) for disability pension benefits. At a hearing held on October 13, 1988, the Pension Board awarded plaintiff a disability pension of 50% of his annual salary, the applicable rate for disabilities incurred while not on duty, pursuant to section 3—114.2 of the Illinois Pension Code (Ill. Rev. Stat. 1989, ch. 108½, par. 3—114.2). Plaintiff was present at the hearing. The Pension Board notified plaintiff of its decision by letter dated October 27, 1988. In relevant part, the letter stated as follows:

"At the Police Pension Fund of Peoria board meeting held Thursday, October 13, 1988, your application for disability benefits was approved effective August 19, 1988, in the amount of $1,549.10 per month."

Upon receipt of the letter plaintiff calculated the amount and found it to be equal to 50% of his salary. He did not seek immediate administrative review of the Pension Board's decision. Rather, he submitted

to the Pension Board a doctor's report stating that his disability was job related. The Pension Board accepted the doctor's report at its November 1988 meeting.

One year later, on November 16, 1989, the Board responded to plaintiff by sending a letter indicating that its October 13, 1988, decision was final. Within 35 days of receiving the November 16 letter, plaintiff filed his complaint in the circuit court seeking administrative review of the Pension Board's decision. He alleges that the November 16, 1989, letter was the required written notice of the Pension Board's decision for commencement of an action for administrative review. (Ill. Rev. Stat. 1989, ch. 110, par. 3—103.) Plaintiff's complaint also contained three counts requesting relief under sections 1983 and 1988 of the Civil Rights Act (42 U.S.C. §§1983, 1988 (1982)).

Defendants filed a motion to dismiss pursuant to sections 2—619 and 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 2—619(a)(1), (a)(5), 2—615) claiming that the October 27, 1988, letter was adequate notice of the Pension Board's decision, and, since the plaintiff failed to file for administrative review within 35 days of that letter, the court lacked jurisdiction to review the Pension Board's decision. The circuit court granted defendants' motion to dismiss.

Section 3—103 of the Code of Civil Procedure provides in relevant part as follows:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision to be reviewed was served upon the party effected thereby." (Ill. Rev. Stat. 1989, ch. 110, par. 3—103.)

The issue raised by this appeal is whether the 1988 letter was adequate notice of the Pension Board's decision to commence the 35-day period for administrative review.

■ Plaintiff contends that the letter was inadequate notice because it did not inform him that the Pension Board had awarded a 50% disability pension instead of a 65% disability pension. Officers disabled in the line of duty are entitled to a disability pension in the amount of 65% of their annual salary (Ill. Rev. Stat. 1989, ch. 108½, par. 3—114.1). The letter did inform plaintiff that he would receive $1,549.10 per month, which was an amount equal to 50% of his salary. Plaintiff, in his amended complaint, admits that the 1988 letter put him on notice that he had received a non-line-of-duty disability pension. On appeal, plaintiff admits that when he received the letter he

made the calculation and discovered that he had been awarded a pension at the rate of 50%. The record reflects plaintiff was present at the October 13, 1988, Pension Board meeting where the matter of his disability pension was discussed. Plaintiff presented letters from doctors and other information to the Pension Board. A motion was made, seconded and passed that plaintiff be awarded a 50% non-job-related disability pension based on an annual salary of $37,178.36, resulting in a monthly disability benefit of $1,549.10 per month. This is the same figure that appeared in the October 27, 1988, letter. We find no merit to plaintiff's contention that the letter failed to inform him that he had not been awarded a line of duty disability pension.

■ In his brief on appeal, plaintiff also contends that the 1988 letter was inadequate because it did not inform him of the 35-day time limitation to file for administrative review. However, plaintiff has waived this issue because it was not raised in the trial court. Issues not raised in the trial court are deemed waived and may not be presented and argued for the first time on appeal. (*In re Marriage of Rodriguez* (1989), 131 Ill. 2d 273, 545 N.E.2d 731.) "[T]he theory upon which a case is tried in the lower court cannot be changed on review, and *** an issue not presented to or considered by the trial court cannot be raised for the first time on review." *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147.

■ We find the letter of October 27, 1988, to be sufficient notice of the Pension Board's decision. Therefore, plaintiff's 35-day period for administrative review commenced upon receipt of the 1988 letter. Because plaintiff failed to file for administrative review within 35 days, his complaint is untimely. The trial court lacked jurisdiction to hear plaintiff's complaint and properly dismissed it.

■ Plaintiff also alleges civil rights violations under sections 1983 and 1988 of the Civil Rights Act (42 U.S.C. §§1983, 1988 (1982)). These claims are based on an alleged denial of procedural due process resulting from the claimed insufficiencies of the 1988 letter. Because we have found that the letter sufficiently informed the plaintiff of the Pension Board's decision, we affirm the decision of the trial court dismissing plaintiff's civil rights claims for failure to state a cause of action. The order of the circuit court of Peoria County dismissing this action is affirmed.

Affirmed.

HAASE and STOUDER, JJ., concur.