PALMETTO LEASING COMPANY, Plaintiff-Appellant, v. HARRY R. CHILES, JR., *et al.*, Indiv. and d/b/a Chiles and Wallach, Defendants-Appellees.

Second District No. 2—91—1329

Opinion filed October 14, 1992.

Michael G. Philipp and Michael C. Wiedel, both of Carney & Hultquist, Chartered, of Downers Grove, for appellant.

Harry Ray Chiles, Jr., and Kevin G. Wallach, both of Chiles & Wallach, of Wheaton, appellees *pro se*.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Palmetto Leasing Company, appeals the judgment of the circuit court in favor of the defendants, Harry R. Chiles, Jr., and Kevin Wallach, individually and doing business as Chiles and Wallach. Plaintiff sued to collect on a check written by Chiles against the Chiles and Wallach trust account on behalf of their client, Winifred Crespo. The trial court found the defense of lack of consideration. Plaintiff appeals and raises three issues: (1) whether the check was issued for consideration; (2) whether plaintiff was a holder in due course; and (3) whether defendants are liable as an accommodation party. We affirm.

No transcript of the proceeding is available, but the parties have produced a report of proceedings certified by the trial court pursuant to Supreme Court Rule 323(c) (134 Ill. 2d R. 323(c)).

Plaintiff originally sued Crespo in cause No. 90—LM—0486. The record of that proceeding is not before us. Apparently, plaintiff sued on a breach of contract involving business equipment plaintiff had leased to Crespo. Chiles represented Crespo, and William M. Christou of Carney & Hultquist, Chartered, represented plaintiff.

The court scheduled the Crespo cause for April 24, 1990, for a trial. After a series of negotiations, the parties agreed to enter an agreed order which provided that judgment was entered against Crespo in the amount of $5,967 plus costs and $1,300 in attorney fees; that plaintiff was entitled to the return of the equipment; and that the execution of the judgment was stayed for seven days. The agreed order was part of the parties' agreement whereby Crespo's obligation to plaintiff could be satisfied by the payment of $9,000 and Crespo would keep the equipment. Chiles wrote a check drawn on the Chiles and Wallach clients' trust account in the amount of $9,000. He signed "Harry R. Chiles" on the signature line. On the memorandum line he noted "FOR WINNI CRESPO LUXURY IMPORT AUTO." The parties did not sign a satisfaction of judgment, release, or bill of sale. The check was deposited on or about April 30, but, on May 1, defendants stopped payment on the check. Plaintiff then sued defendants for drawing the note. Defendants filed a third-party complaint

against Crespo, but they alleged she had filed bankruptcy; they voluntarily dismissed the complaint when the court entered judgment for defendants.

At the trial against defendants on the check, Christou testified that on April 24, 1990, he met repeatedly with Chiles outside the presence of the clients and that he relayed the offers to plaintiff's representative, David Borg. Christou testified that the terms of the settlement were that, in return for $9,000, plaintiff would release Crespo from any financial obligation caused by any breach of the lease and that Crespo would buy the equipment. Plaintiff insisted that the settlement include the entry of a money judgment against Crespo.

Plaintiff also would not accept an uncertified check from Crespo. Although Crespo did produce a check drawn from an out-of-State bank, plaintiff would not accept it; plaintiff claimed that several of Crespo's checks had been returned for insufficient funds. Christou could not remember the terms of the earlier settlement proposals. Christou testified that Chiles offered his trust account to pay the $9,000 settlement, but Chiles also stated that they would need extra time to allow Crespo to deliver funds to Chiles to deposit in the account. The parties agreed that the $9,000 check so written would not be deposited until April 29.

Christou further testified that he asked Chiles what would happen if Crespo failed to provide the funds to Chiles for deposit and that Chiles responded that in that event the check would be "my problem." On cross-examination, Christou did not recall that the "my problem" statement was made in the context of a settlement proposal in which a judgment would not be entered against Crespo.

Chiles testified that he negotiated the settlement on April 24. The settlement payment was to be satisfied by a check in the amount of $9,000 written on the trust account. Plaintiff agreed not to present the check for payment until April 29. The settlement agreement was to be a full and complete disposition of all matters between the parties. Chiles contended that in an earlier negotiation session, in the context of a proposal in which no judgment would be entered against Crespo, Christou inquired what would happen if Crespo failed to provide the funds. Chiles said such failure would be "my problem." Chiles testified that he did not make the statement in relation to the final agreement but only in the context of a previous, unaccepted offer. Chiles testified that he did not recall stating that he would not be responsible for the payment if Crespo failed to deliver.

The trial court found the absence of any consideration to support a promise to pay plaintiff $9,000, and, therefore, plaintiff could not

recover on the unpaid check. The trial court also stated that the agreed order entered in the previous cause was the full and complete agreement between the parties and that it did not mention a $9,000 check. The trial court further stated that the $9,000 did not represent defendants' promise to pay but was "merely an accommodation to counsel." Following a denial of plaintiff's post-trial motion, it filed a timely notice of appeal.

 Plaintiff first contends that the trial court erred in finding a lack of consideration. Where the drawer admits his signature, the holder of an instrument is entitled to recover on it unless the drawer establishes a defense. (Ill. Rev. Stat. 1989, ch. 26, par. 3—307(2).) Section 3—408 of the Uniform Commercial Code (Code) (Ill. Rev. Stat. 1989, ch. 26, par. 3—408; see Ill. Rev. Stat. 1991, ch. 26, par. 3—303 (effective Jan. 1, 1992)) provides that a failure of consideration is a defense against any person not having the rights of a holder in due course, except that no additional consideration is necessary for the giving of an instrument in payment of an antecedent debt. The obligation to pay an antecedent debt is suspended by the delivery of a check. (Ill. Rev. Stat. 1989, ch. 26, par. 3—802(1)(b).) Consideration sufficient to uphold an ordinary contract is sufficient to validate a negotiable instrument. (*Rybak v. Dressler* (1988), 178 Ill. App. 3d 569, 582.) Valuable consideration consists of some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other. *Rybak*, 178 Ill. App. 3d at 581.

 The maker bears the burden of proof of the defense (*Rybak*, 178 Ill. App. 3d at 582; Ill. Ann. Stat. 1989, ch. 26, par. 3—307, Uniform Commercial Code Comment 2, at 204 (Smith-Hurd 1963)); the court presumes consideration exists for the instrument (*Rybak*, 178 Ill. App. 3d at 582). However, the adequacy, as opposed to the existence, of consideration is not relevant to the determination. (178 Ill. App. 3d at 582.) Finally, a promise based upon consideration of a benefit to a third person constitutes sufficient consideration for a promise to guarantee a debt. *Finn v. Heritage Bank & Trust Co.* (1989), 178 Ill. App. 3d 609, 612; *First National Bank v. Achilli* (1973), 14 Ill. App. 3d 1, 6.

Thus, defendants bore the burden of establishing the lack of consideration for the giving of the check. Plaintiff contends that defendants obtained the benefit of goodwill from their client by signing the check. Plaintiff argues also that Crespo received a third-party benefit because without the attorney's check she could not have reached a favorable settlement. Plaintiff argues that there was no evidence that

defendants did not intend to be bound by the signature. Plaintiff also contends that the trial court erred by finding that the check was not part of the settlement because it was not reflected in the agreed judgment in the Crespo case.

The record does reflect that the agreed judgment was only part of a settlement contemplated by the parties. Plaintiff demanded the extra security of having a judgment for the $7,267 obligation and an order to return the equipment. The $9,000 payment would both extinguish the judgment and transfer ownership of the equipment to Crespo. That plaintiff insisted on a judgment reflects that the parties did not intend the agreement to be finally settled because, if the $9,000 payment were not forthcoming, plaintiff could always enforce the judgment without the transfer of title to the equipment. The judgment was also stayed for seven days, the same time as the pending delivery of the funds, and this fact also reflects that the parties did not intend the settlement to be final; they wanted to see if Crespo would provide the funds. By its nature, a lease does not ordinarily provide for the obligation to purchase the leased property; the record does not reflect any such antecedent obligation. Thus, the record does not reflect a binding intention to pay $9,000 on defendants' part and does not clearly establish a contract with definite terms.

■ The record does not clearly show that the parties intended that defendants be bound. Plaintiff did not sign a release or a satisfaction of the judgment against Crespo; moreover, the record is not clear whether plaintiff would release its claim to possession of the equipment or would execute a bill of sale when Crespo supplied the funds. Thus, the trial court did not err by holding that the agreed judgment constituted the entire agreement of the parties since the other agreement was too indefinite to be enforced. The parties should have incorporated their settlement into the agreed order and specified whether the contract was mutual or conditional. They proceeded in derogation of the agreement they presented to the court. There was no showing that plaintiff had a right to enforce the alleged agreement against Crespo or that the agreement was not conditioned on Crespo's performance. Since the alleged contract was not evidenced in the agreed judgment, defendants' order of payment made in the $9,000 check was incurred without consideration; Crespo never supplied the funds to satisfy the condition precedent to the operation of the alleged contract. Thus, we conclude the trial court's finding of a lack of consideration to defendants is not manifestly erroneous, and, accordingly, we do not disturb the finding of the trial court. *Ahern v. Knecht* (1990), 202 Ill. App. 3d 709, 714.

Plaintiff also argues that it is a holder in due course (HDC). The defense of lack of consideration is not effective against an HDC. (Ill. Rev. Stat. 1989, ch. 26, pars. 3—408, 3—305, 3—306(c).) An HDC is a person in possession of an instrument drawn or endorsed to him; who takes it for value; in good faith; and without notice of any defense against it. (Ill. Rev. Stat. 1989, ch. 26, pars. 3—302, 1—201(20).) The payee of a check may be an HDC. (Ill. Rev. Stat. 1989, ch. 26, par. 3—302(2).) A taker of an instrument has notice of a defense if the instrument on its face is so incomplete or so irregular as to call into question its validity or to create an ambiguity as to the party to pay. (Ill. Rev. Stat. 1989, ch. 26, par. 3—304(1).) Knowledge that the instrument was issued in return for an executory promise or accompanied by a separate agreement does not by itself give the holder notice of a claim unless the holder has notice that a defense has arisen from the terms of the agreement. Ill. Rev. Stat. 1989, ch. 26, par. 3—304(4)(b).

The record reflects that plaintiff had actual knowledge of the defense of failure of consideration at the time it took the check. Plaintiff knew that the check had to be held until Crespo delivered the funds into the account. While the post-dating of an instrument is not enough to give a detached holder notice of a defense (see Ill. Rev. Stat. 1989, ch. 26, par. 3—304(4)(a)), here, plaintiff knew that defendants did not intend the check to be paid unless Crespo delivered the funds in the future and, therefore, that they had no consideration. Thus, plaintiff does not qualify for the status of a holder in due course.

Finally, plaintiff seizes upon the trial court's statement that the $9,000 was "an accommodation to counsel." "Accommodation Party" is a term the Uniform Commercial Code uses to describe a person who signs an instrument in any capacity for the purpose of lending his name to another party to it. (Ill. Rev. Stat. 1989, ch. 26, par. 3—415(1).) The accommodation party is in the nature of a surety, and the party is liable in the capacity in which he signs, *e.g.*, comaker, endorser, or guarantor. (See Ill. Ann. Stat., ch. 26, par. 3—414, Uniform Commercial Code Comment, at 301 (Smith-Hurd 1963).) Lack of consideration, in terms of a benefit to the accommodation party, is not a defense available to an accommodation party. (*In re Estate of Williams* (1982), 109 Ill. App. 3d 828, 832.) Thus, plaintiff contends that defendants were liable as accommodation parties and that they lent their names to the transaction.

However, the trial court actually stated that the issuance of the check was "an accommodation to counsel" rather than defendants

were "accommodation parties." We cannot read the trial court's statement as a legal determination that the defendants had that status. The record contains no allegations by plaintiff that it presented that theory before the trial court to support the conclusion or that it argued defendants were sureties or guarantors. Plaintiff never raised section 3—415. Where the record does not show that a matter urged on appeal was decided by the trial court, the issue is not properly preserved for review. (*Hotze v. Daleiden* (1992), 229 Ill. App. 3d 301, 310; *Johnson v. Machetti* (1992), 228 Ill. App. 3d 420, 423.) To the extent the argument is inherent in the other arguments presented to the trial court, the argument must fail because the record does not clearly show that defendants intended to lend their credit to Crespo. (See Ill. Rev. Stat. 1989, ch. 26, par. 3—415(1); *Williams*, 109 Ill. App. 3d at 832.) Rather, defendants were accommodating opposing counsel by acting as the conduit of the payment. They did not become liable on the instrument.

For the above reasons, the order of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS, P.J., and DUNN, J., concur.